## COMMONWEALTH v. JOSEPH LLOYD.

APPEAL BY THE COMMONWEALTH FROM THE COURT OF QUAR-
TER SESSIONS OF LACKAWANNA COUNTY.

Argued February 26, 1891—Decided March 9, 1891.

Where a bastard child is begotten in one county and born in another, the
indictment and conviction of the father for fornication, in the county
where the child was begotten, is a bar to his indictment for bastardy, in
the county where the child was born: See § 38, act of March 31, 1860, P.
L. 393.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 338 January Term 1891, Sup. Ct.; court below, No. 98
June Term 1890, Q. S.

On May 27, 1890, the grand jury returned as a true bill an
indictment charging Joseph Lloyd with fornication and bas-
tardy, on the information of Jemima Davis.

On October 13, 1890, the defendant filed a plea, averring
that the commonwealth ought not further to prosecute the
said indictment, for that on April 23, 1890, at a Court of
Quarter Sessions held at Wilkes-Barre, in the county of Lu-
zerne, the defendant was called upon and pleaded to an indict-
ment charging him with committing fornication with said
Jemima Davis and with begetting a female child upon her body;
that he was thereupon tried and found guilty of fornication,
but not guilty of bastardy, and was thereupon sentenced, .etc.;
exhibiting the record of the said indictment and conviction, and
averring the identity of the parties and of the offence, etc., etc.,
but admitting that, though the said female child was begotten
in Luzerne county, it was born in Lackawanna county. To·
this plea the commonwealth replied that it was true that the
said defendant was indicted, tried, and convicted as alleged in
Luzerne county; but, the said female child being begotten in
said Luzerne county but born in Lackawanna county, the Court
of Quarter Sessions of Luzerne county had no jurisdiction to
try the defendant on the charge of fornication and bastardy

and the proceedings in said court exhibited were of no effect and void, etc., etc.—Issue.

On February 7, 1891, the cause having been submitted on the pleadings, and argued, the court entered judgment for the defendant and against the commonwealth, and discharged the defendant from the indictment. Thereupon, the commonwealth took this appeal, assigning the order entering judgment for the defendant on the pleadings, for error.

*Mr. H. M. Edwards,* for the commonwealth.

Counsel cited: Section 38, act of March 31, 1860, P. L. 393; § 6, act of September 23, 1791, 3 Sm. L. 41; Duncan v. Commonwealth, 4 S. & R. 448; Commonwealth v. Lehr, 2 Pa. C. C. R. 341; Heikes v. Commonwealth, 26 Pa. 513.

*Mr. Cornelius Smith,* for the appellee.

Counsel cited: Clarke v. Mathewson, 12 Pet. 164; Windsor v. McVeigh, 93 U. S. 274; § 48, act of March 31, 1860, P. L. 395.

PER CURIAM:

The defendant was indicted in the court below for fornication and bastardy. He entered the plea of autrefois convict, and in support of it produced the record of an indictment for the same offence in the county of Luzerne, with his conviction of the fornication. It was conceded that the latter offence had been committed in Luzerne, but that the female bastard child, the result of the intercourse, was born in Lackawanna county. The act of March 31, 1860, P. L. 393, provides that in cases of this kind " the prosecution of the reputed father shall be in the county where the bastard child shall be born," etc. It will thus be seen that a conviction of the bastardy in Luzerne county was impossible; the prosecution should have been commenced in Lackawanna. The commonwealth proceeded against him in the former county, and having convicted him of one of the offences charged, viz., the fornication, can she now hold him in the courts of Lackawanna county for the bastardy? We think not. While it is true that this offence may be so far separated as to charge fornication in one count of an indictment and bastardy in another, yet the bas-

tardy is but an incident of the fornication, the result of a single act. Hence, we do not think the commonwealth can prosecute for the one offence in one county, and for the other in a different county. In other words, there may be two counts, but not two prosecutions. The commonwealth has elected in this instance to proceed in Luzerne county, and we think is bound by such election. We are of opinion that the court below was right in sustaining defendant's plea.

Judgment affirmed.

