# Commonwealth *v.* Wibner, Appellant.

*Criminal law—Failure to support illegitimate child—Proof of parentage—Act of July 11, 1917, P. L. 773.*

1. Under the provisions of the Act of July 11, 1917, P. L. 773, a conviction for failure to support an illegitimate child will be sustained, although the child was born prior to the passage of the act. The refusal to contribute to its support, and not the parenthood of the child, constituted the offense charged in the indictment, and when such refusal took place after the passage of the act the defendant was liable, even though the statute of limitations had become a bar to a prosecution for fornication and bastardy.

2. In a prosecution for the failure to contribute to the support and maintenance of a child born out of wedlock, under the provisions of the Act of 1917, P. L. 773, it is not error for the court to allow the introduction of evidence of the relations between the accused and the mother of the child in order to prove his parenthood.

3. The putative and natural father is comprehended in the word "parent."

350    COMMONWEALTH *v.* WIBNER, Appellant.

Statement of Facts—Opinion of the Court. [73 Pa. Superior Ct.

Argued October ,6, 1919.   Appeal, No. 40, April T., 1920, by defendant, from judgment of Q. S. Allegheny County, May Sessions, 1919, No. 15, on verdict of guilty in case of Commonwealth v. Albert J. Wibner.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD and KELLER, JJ.   Affirmed.

Indictment under Act of July 11, 1917, P. L. 773, for failure to support illegitimate child.   Before HAY-MAKER, J.

The facts appear in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Error assigned,* among others, was the charge of the court, refusal to quash the indictment and to give binding instructions for the defendant.

*James A. Wakefield,* and with him *Max J. Spann,* for appellant, cited: Commonwealth v. Bowers, 3 Brewst. 350; Commonwealth v. House, 223 Pa. 487; Swan v. Commonwealth, 104 Pa. 218; Commonwealth v. Shields, 50 Pa. Superior Ct. 1; Kane v. Commonwealth, 89 Pa. 522; Commonwealth v. Sayars, 21 Pa. Superior Ct. 75.

*Homer N. Young,* Assistant District Attorney, and with him *Harry H. Rowand,* District Attorney, for appellee.

OPINION BY ORLADY, P. J., February 28, 1920:

The defendant was convicted of violation of the Act of July 11, 1917, P. L. 773, which provides that any parent who shall wilfully neglect or refuse to contribute reasonably to the support and maintenance of a child born out of wedlock, shall be guilty of misdemeanor. All the defenses raised on the trial below are fairly embraced in the question involved as submitted by the appellant. First: In an indictment charging the defendant with

wilful neglect and failure to contribute reasonably to
the support of a child born out of lawful wedlock, is it
competent for the trial judge to submit for the consider-
ation of the jury, the question of the defendant's having
had intercourse with the prosecutrix and as a result of
such intercourse a child was begotten and born, in the
absence of any provision in the act relating to or defin-
ing parent or proof of parentage.   Second: A crime
having been committed in September, 1916, is not an
act passed in July, 1917, increasing the punishment of
this crime, ex post facto law and therefore unconstitu-
tional?

It is apparent that this statutory offense is new to our
criminal law, but it is clearly defined in the words of
the act as above quoted.   To establish the defendant's
guilt it was necessary to prove his parentage of the
child, and his wilful neglect or refusal to contribute
reasonably to the support of such child which was born
out of lawful wedlock.   The controlling facts as deter-
mined on the trial are as follows: The relation between
the defendant and the prosecutrix was clearly estab-
lished and resulted in the birth of a child May 27, 1917.
He volunteered to provide for her support and that of
the child from May, 1917, to February 1, 1919, by paying
her rent at the rate of $25 per month, and $10 per week
for the support of the child.   No prosecution was insti-
tuted against him for fornication and bastardy on ac-
count of the agreement between the parties.   The de-
fendant refused to make further payment after Febru-
ary 1, 1919, when this prosecution was instituted under
the act of assembly mentioned, and his conviction under
this statute is entirely independent of any right to pro-
ceed under other statutes.   In this case parentage is a
distinct and essential element of the crime and must
therefore be strictly proven.   We are sustained by ample
authority in holding, that the putative or natural father
is comprehended within the word parent: Macklin v.
Taylor, 1 Addison 212.   In Sibley v. Perry, 7th Vesey

Jrs. p. 522, Lord Eldon, in construing a provision in a will in which it was necessary to interpret the words, children, issue and parent, held, "It is fair to put the ordinary sense upon the word parent; namely, father or mother": Snyder v. Land Co., 91 N. E. Rept. 819. Webster defines the word parent, as, "one who begets or brings forth offspring; a father or a mother."

In this case, the defendant was not charged with two offenses, but the one specially mentioned in the act quoted. The identity of the child was clearly established. The use of an abbreviated baby name for the one named in the indictment was not material, and even if so was a subject of amendment, and for the purpose of the case may be treated as having been made and allowed. It is conceded, that when a man is being tried for one crime, proof of the commission by him of another in no way connected with the crime charged cannot be permitted, but the crime for which this defendant was convicted, was the wilful refusal to support his child, and the fact that the prosecutrix was deluded into believing that he would continue to care for her and his child, until the statute of limitation raised a bar to a prosecution for fornication and bastardy, will not and should not, in law or good morals avail him now. While he has secured immunity from prosecution under one section of our code, he is clearly liable under the Act of 1917, for the offense charged in this indictment, which did not occur until February 1, 1919, when he refused to further support his child.

The enactment of this statute has been deemed necessary for the protection of the public and in aid of the mother, as well as of a child born out of lawful wedlock, where the putative father concedes the paternity of his child and furnishes reasonable support until the statute of limitation becomes an effective bar to a prosecution for fornication and bastardy, and then claims immunity from further liability. The facts in this case demon-

349, (1920).]      Opinion of the Court.

strate the necessity for and the wisdom of such legislation.

The assignments of error are not sustained, and the judgment is affirmed. The record is remitted, and it is ordered that the appellant appear at such time as he may be called and that he be by that court committed until he has complied with the sentence imposed or any part of it that had not been performed at the time this appeal became a supersedeas.