## Commonwealth *v.* Abell, Appellant.

*Criminal law—Failure to support illegitimate child—Acts of July 11, 1917, P. L. 773, and July 21, 1919, P. L. 1075.*

In a prosecution for failure to contribute to the support and maintenance of a child born out of lawful wedlock, a complaint may be made by the grandmother of the child. The provision in the act with respect to prosecution by the mother is directory or permissive only, and does not restrict the authority to institute the prosecution to the mother alone. The offense is a misdemeanor, and every person who is capable of taking an oath in a court of justice is competent to become a prosecutor.

In a prosecution under the Act of 1917, P. L. 773, the statute of limitations does not begin to run from the birth of the child. The prohibited act was committed when the defendant wilfully omitted the duty cast upon him by the statute and the running of the limitation began at that time.

Where the defendant was indicted prior to the passing of the Act of July 21, 1919, P. L. 1075, which amended the Act of 1917, and required the prosecution to be brought within two years after the date of the child's birth, the limitation of the amendment cannot be held to apply to cases arising before the passage thereof.

Argued October 5, 1920. Appeal, No. 14, April T., 1921, by defendant, from judgment of Q. S. Allegheny County, September Sessions, 1918, No. 371, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Dennis L. Abell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment under the Act of July 11, 1917, P. L. 773, for failure to support illegitimate child. Before CARNAHAN, J.

The facts appear in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, was overruling defendant's motions for a new trial and in arrest of judgment.

*Ralph J. Brown,* and with him *Joseph F. Mayhugh,* for appellant.

*J. E. Little,* Assistant District Attorney, and *Harry H. Rowand,* District Attorney, for appellee.

OPINION BY HENDERSON, J., December 11, 1920:

The defendant was indicted under the Act of July 11, 1917, P. L. 773, for wilfully neglecting and refusing to contribute reasonably to the support and maintenance of a child, born out of lawful wedlock, of which he was the parent. The complaint was made June 26, 1918, and a true bill was returned September 6, 1918. The child's grandmother made the information against the defendant. The object and effect of the statute were fully discussed by President Judge ORLADY in Commonwealth v. Wibner, 73 Pa. Superior Ct. 349. It was held in that case, that the act created a new and distinct offense, and that the defendant's guilt arose out of his refusal to contribute to his child's maintenance. In view of this conclusion, it cannot be said that the statute of limitations commenced to run from the birth of the child. The prohibited act was committed when the defendant wilfully omitted the duty cast upon him by the statute, and the running of the limitation began at that time. The decision in that case disposes of the principal part of the argument presented in this appeal. The new questions presented are: (1) that the prosecution was not instituted by the mother of the child, and (2) that the act of July 21, 1919, fixes a limitation of the time within which the prosecution may be brought within two years of the birth of a child, unless the father has voluntarily contributed to its support or has acknowledged in writing that he is its parent.

With respect to the first proposition, the objection is covered by the decision in Commonwealth v. Hamilton, 74 Pa. Superior Ct. 419. The provision with respect to the mother is directory or permissive only, and does not

restrict the authority to institute prosecution to the mother alone.   The offense is a misdemeanor, and every person who is capable of taking an oath in a court of justice, is competent to become a prosecutor, as a general rule.   The language of the statute does not disclose a legislative intention to change this general rule.

As has been noticed, the defendant was indicted prior to the passing of the amendment of 1919.   The limitation of the amendment is, "that all prosecutions under this act must be brought within two years of the birth of the child."   There is a further proviso relating to the voluntary contributions or the acknowledgment of the paternity, in writing, by the father.   Under the general rule for the interpretation of statutes, that they should never be allowed a retroactive operation where this is not required by an express command or by a necessary or unavoidable implication, the limitation of the amendment should be held to apply to cases arising thereafter. Where there is neither the command nor necessary implication, requiring retroactive application, they relate to the future only : Murray v. Gibson, 56 U. S. 423.   This was evidently the view taken by the learned judge of the court below, and we are not disposed to hold otherwise.

The appeal is dismissed ; the record is remitted to the court below, to the end that the sentence be carried into effect.