## Commonwealth v. Jefferson.

*Jurisdiction, Q. S. — Fornication and bastardy — Child begotten in one county, born in another—Information filed before birth.*

The court of the county where a bastard child is born has jurisdiction to try defendant on a bill of indictment which charges fornication and bastardy, found after the birth of the child upon an information made before the birth, setting forth that the sexual intercourse which resulted in the begetting of the child occurred in a county other than that in which the child was born.

Legislation considered.

Motion in arrest of judgment. Q. S. Westmoreland Co., Aug. Sess., 1921, No. 188.

*Nevin A. Cort,* District Attorney, for Commonwealth.

*George E. Barron,* for defendant.

COPELAND, P. J., Jan. 9, 1922.—The information upon which the bill of indictment is drawn in this case sets forth "that Clifford Jefferson, at Sharon, in the County of Mercer, on or about the 15th day of November, 1920, . . . and at other times before and after said date, did unlawfully have carnal intercourse with this affiant, and in consequence of said carnal intercourse or connection, this affiant is now pregnant or quick with child, it being a bastard, and the aforesaid defendant is the father of said child, affiant being unmarried and her home and settlement being in the Borough of Latrobe (Westmoreland County), where the birth of the child will presumably occur, all of which is contrary to the act of assembly," etc., etc.

Upon this information the count framed in the bill of indictment, at the above number and term, reads as follows: "The grand inquest of the Commonwealth of Pennsylvania, inquiring for the County of Westmoreland, upon their respective oaths and affirmations, do present that Clifford Jefferson, late

Commonwealth *v.* Jefferson.

of said county, yeoman, on or about the fifteenth day of November, in the year of our Lord one thousand nine hundred and twenty, at the county aforesaid, and within the jurisdiction of this court, with force and arms, &c., did unlawfully commit fornication with a certain Susan E. Thomas, and a male bastard child on the body of her, the said Susan E. Thomas, then and there did beget, contrary to the form of the act of the general assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

This bill of indictment was presented to the grand jury on Aug. 20, 1921, and on the same day the jury before whom he was arraigned returned a verdict of "guilty."

Before the jury was sworn, counsel for the defendant moved the court to quash the bill of indictment, for the reason: "The indictment was found after the birth of the child on an information made prior to the birth, charging the fornication committed at Sharon, Mercer County, Pennsylvania. The court has no jurisdiction to try the case."

To this motion the court made the following order: "And now, Aug. 29, 1921, the within motion refused."

Subsequent to the conviction of the defendant, and on the same day, counsel for defendant moved the court to arrest the judgment for the following reason: "The information on which this action is based was made 11th July, 1921, before the birth of the child, setting forth that the fornication upon which the information was based was committed at Sharon, Pa., in the County of Mercer, on the 15th day of November, 1920, and the indictment upon which it was tried was found in Westmoreland County, Pa., on 29th August, 1921, after the birth of the child, the child having been born 6th August, 1921. The court had no jurisdiction to try the case."

It is this question that is now before the court for consideration, and the question, briefly stated, is: Has the court of Westmoreland County jurisdiction to try a defendant on a bill of indictment which charges fornication and bastardy, found in this county after the birth of the child upon an information made in this county before the birth of the child, setting forth that the sexual intercourse, which resulted in the begetting of the child, occurred in a county other than that in which the child was born?

The Act of March 31, 1860, § 38, P. L. 393, which says: "If a bastard child is begotten . . . within one of the counties of this State and born in another, . . . the prosecution of the reputed father shall be in the county where the bastard child shall be born, and the like sentence shall be passed as if the bastard child had been or shall have been begotten within the same county," is a complete answer to the contention of the defendant in this case, because this section fixes the county in which the child is born as the place where the reputed father shall be prosecuted, and, further, because the previous section, 37, of this act (1860) contemplates a prosecution before the birth of a child.

The Act of Sept. 23, 1791, § 6, 3 Sm. Laws, 41, provides: "And, whereas, it sometimes happens that bastard children begotten out of the State are born within the State, and others begotten within one of the counties of the State are born in another county, and difficulties have arisen about the place of trial; and it is reasonable and just that the reputed fathers of bastard children should be at the expense of their maintenance: Be it, therefore, enacted by the authority aforesaid, that in the latter case the prosecution of the reputed father shall be in the county where the bastard child shall be born, and the like sentence shall be passed as if the bastard child had been or shall have

2 D. & C.

been begotten within the same county; and in the former case, to wit, of a bastard child begotten out of the State and born within the State, the like sentence shall be passed, except in the imposition of a fine or corporal punishment in lieu thereof, which part of the sentence shall be omitted."

This section is re-enacted by the section from which we quote above, to wit, section 38 of the Act of 1860.

Section 11 of the Act of June 13, 1836, P. L. 543, provides that every illegitimate child shall be deemed to be settled in the place where the mother legally was settled at the time of the birth of such child. But this section of the Act of June 13, 1836, is repealed by the Act of 1860, which provides that the prosecution shall be in the county where the child is born.

Section 3 of the Act of Jan. 12, 1705, 1 Sm. Laws, 27, provides: "That any single or unmarried woman having a child born of her body, the same shall be sufficient proof to convict such single or unmarried woman of fornication; and the man by such woman charged to be the father of such child shall be the reputed father, and she persisting in the said charge at the time of her extremity of labour, or afterwards, in open court, upon the trial of such person so charged, the same shall be given in evidence in order to convict such person of fornication."

This section is re-enacted and enlarged by section 37 of the Act of March 31, 1860, P. L. 392.

It has been the uniform practice in cases where the child is begotten and born within the State to sustain a prosecution begun before the birth of the child, and section 37 of the Act of March 31, 1860, P. L. 392, contemplates such proceedings, for it speaks of the "charge" by the mother against the reputed father, and of her persisting in said charge in the time of her extremity of labor, or afterwards, in open court. It is argued that, since the birth had not taken place at the time the information was made, no offence against the laws was committed in Westmoreland County for which the defendant could be held to answer. With this argument we do not agree. It is true that, before the child is born, the defendant can be indicted for fornication in the county where it occurs, but where it is evident that bastardy will follow, the statute contemplates that both the offence of fornication and its natural consequence may be embraced in a single proceeding, and provides that the defendant may be charged with both, although the expected consequence has not yet been fully developed.

It was held in the case of Com. v. Gregory, 2 Blair County Law Repr. 319, that an indictment for fornication and bastardy, found by a grand jury after the birth of a child in the county upon an information made prior to the birth, which alleged that the fornication was committed in another county, should be quashed for want of jurisdiction, and the trial judge in that case, in sustaining the motion to quash, cited Com. v. Menefee, 14 W. N. C. 170, and, also, Gorman v. Com., 23 W. N. C. 405. Neither of these cases decided the question raised at the trial of that case or decides the question in the case at bar. The fact is, the former case decided that it was not necessary to state in the indictment that the child was born. The case of Com. v. Lloyd, 141 Pa. 28, was also cited as authority for quashing the indictment. An examination of that case shows us that the question decided was that an indictment and conviction of a father for fornication in the county in which the child was begotten is a bar to his indictment for bastardy in the county where the child was born, and did not decide that a conviction could not be had upon an information made prior to the birth, which alleged that the fornication was had in

another county than the one in which the child was born. So far as the case of Com. v. Gregory, 2 Blair County Law Repr. 319, is concerned, we cannot see anything, either in the reasoning of it or in the authorities cited to support the reasoning, to sustain the conclusion reached.

The only other case we can find upon the subject is that reported in 2 Ches. Co. Reps. 115. That was a case reported from the Common Pleas of Lebanon County, and was brought about by the defendant being put in jail upon a bail-piece and a writ of *habeas corpus* issued, and it appears from the facts in that case that the prosecutrix charged the defendant with fornication with her in the State of Illinois, and that, in consequence thereof, she was pregnant; and in urging the court to discharge the defendant from custody on the writ of *habeas corpus*, it was argued that, since the birth had not taken place in this State, no offence against the laws of Pennsylvania had been committed, and that the defendant could not be held to answer. The court, in disposing of that case, said:

"It is admitted that, if the child had been born here before information was made, the prosecution would be warranted by section 38 of the Crimes Act of 1860, but it is urged that, since the birth has not yet taken place, no offence against the laws of Pennsylvania has yet been committed, and that the relator cannot, therefore, be held to answer.

"We are unable to adopt this view of the law. . . . It seems to us that the section referred to, so far as applicable here, was intended to provide only for the place of trial and the punishment of the offence in such a case as is now before us, and that the preliminary proceeding is not thereby affected. . . . When the child is begotten here, both the statute and uniform practice sanction the prosecution before the child is born. And we do not think that section 38 of the act was intended to prevent a similar proceeding where the child was begotten out of the State.

"The purpose of the law, viz., 'that the reputed fathers of bastard children should be at the expense of their maintenance,' would often be defeated if the relator's view was correct; and, in furtherance of that purpose, we believe the prosecution is properly begun in the county of the mother's settlement, where presumably the child will be born; and that it may be set on foot before the latter's birth. We cannot say that the relator is not yet liable to a prosecution for bastardy when his share in the transaction is complete, and the time of trial is only delayed until the *prima facie* forum is conclusively ascertained."

There is no act of assembly that prevented making an information before the birth of the child, and there is no reason in law why it should not be made prior to the birth. Indeed, the very good reason why the information should be made prior to the birth of the child is that, in many instances, there would be no father in reach of the law, after the child was born, to be at the expense of its maintenance and support, and the purpose of the law would, therefore, be defeated by the delay. Again, as was said in Com. v. Lloyd, 141 Pa. 28, "bastardy is but an incident of the fornication and the result of a single act." The offence of bastardy is complete at the time of the begetting of the child, and its birth only fixes the jurisdiction in which the defendant shall be tried.

And now, to wit, Jan. 9, 1922, after full hearing, after argument, and after due and careful consideration, it is ordered, adjudged and decreed that the rule in arrest of judgment be and the same hereby is discharged, and that the defendant present himself for judgment to the court.

From William S. Rial, Greensburg, Pa.