# Commonwealth *v.* Harry J. Morningstar, Appellant.

*Criminal law—Criminal procedure—Fornication and bastardy— Autrefois convict—Support of child born out of wedlock—Misdemeanor—Act of July 11, 1917, P. L. 773.*

The Act of July 11, 1917, P. L. 773, makes it a misdemeanor for a parent to wilfully neglect or refuse to contribute to the support or maintenance of a child born out of wedlock.

Where a parent has been previously convicted of fornication and bastardy, and has applied for the protection of the insolvency laws, and has failed to pay anything to the support of the child under the fornication and bastardy order, he is within the scope of the Act of July 11, 1917, P. L. 773, and an indictment and conviction for violation of said act will be sustained. Under such circumstances, the conviction of fornication and bastardy would not support a plea of autrefois convict, because his failure to support constituted a new and separate offense.

Where defendant moves to quash an indictment on the ground of prior conviction, the indictment will not be quashed, because the alleged prior conviction is a matter of defense.

Where defendant enters a plea of not guilty, the record of a prior proceeding in which defendant was convicted will be excluded. The question of autrefois convict of the same offense should be raised by special plea in bar.

Submitted November 19, 1923.   Appeal, No. 305, Oct. T., 1923, by defendant, from judgment of Huntingdon Co., Sept. Sessions, 1923, No. 1, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Harry J. Morningstar.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for wilful neglect or refusal to contribute to the support and maintenance of a child born out of wedlock.   Before BAILEY, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were the overruling of the motion to quash the indictment, the exclusion of evidence of the former proceedings, and the submission of the case to the jury.

*Harry W. Petriken,* for appellant.—The Act of July 11, 1917, P. L. 773, does not repeal the 38th section of the Act of March 31, 1860, P. L. 382.   The Commonwealth could have prosecuted the defendant under either act, but not under both.

*Chester D. Fetterhoof,* and *H. L. Henderson,* for appellee.

OPINION BY GAWTHROP, J., December 12, 1923:

On September 18, 1922, the defendant was convicted in the Court of Quarter Sessions of Huntingdon County of

fornication and bastardy. The mother of the child was the prosecutrix. In default of compliance with the customary sentence, which included an order to pay the sum of $2 per week for the support of the child until it should reach the age of seven years, the defendant was remanded to jail. After serving three months he petitioned to be discharged as an insolvent debtor. On March 5, 1923, he was discharged under bail on a rule granted to show cause why he should not be finally discharged. While this rule was pending and undetermined, the defendant continued in default of compliance with the sentence and, at the September Session of the Court of Quarter Sessions of Huntingdon County, he was indicted and convicted of violation of the Act of July 11, 1917, P. L. 773, which provides that any parent who shall wilfully neglect or refuse to contribute reasonably to the support and maintenance of a child born out of wedlock shall be guilty of a misdemeanor. From the sentence following this conviction comes this appeal.

The statement of the question involved suggests one proposition, namely, whether the conviction and sentence for fornication and bastardy was a bar to conviction and sentence under the Act of 1917. The assignments of error do not properly raise the question. The first assignment is to the overruling of a motion to quash the indictment, which set up the prior conviction. An indictment will not be quashed for matters of defense. The second assignment is to the overruling of defendant's offer, at the trial, of the record in the prior proceeding. This evidence was not admissible under his plea of "not guilty." If he desired to raise the question of former conviction of the same offense he should have done it by special plea in bar. We might overrule both assignments without considering the question discussed by counsel. But, as the question seems not to have been ruled in this State, we shall pass upon it. We are clear that a plea of autrefois convict could not have availed the defendant, because the proceeding under the Act of 1917 was for a

new and distinct offense. That act provides that whenever a parent is paying for the support of a child under an order of court made in any other proceeding, civil or criminal, such parent shall not be subject to proceedings for support for the same child under that act. But that if such parent, as defendant in such other proceeding, has failed to obey such order of court, such parent shall be subject to the provisions of the act. It is admitted that the appellant has not paid anything for the support of the child under the sentence for fornication and bastardy. Under the terms of the act, the prosecution could be maintained.

The judgment is affirmed and the record is remitted to the court below and it is ordered that the appellant appear in that court at such time as he may be called, and that he be by that court committed until he has complied with the sentence imposed or any part of it that had not been performed at the time this appeal became a supersedeas.