## Commonwealth v. Susanek, Appellant

*Criminal law—Fornication and bastardy—Support of bastard child—Criminal procedure—Autrefois convict—Act of July 11, 1917, P. L. 773.*

A conviction of fornication, or even of fornication and bastardy, is not a bar to a prosecution under the Act of July 11, 1917, P. L. 773, for wilfully neglecting to support the child resulting from such illicit intercourse.

Where the record of the fornication and bastardy case offered in evidence clearly established that the verdict of not guilty upon which defendant relied was directed by the court under the special plea of former conviction, and the admission of identity of offense by the Commonwealth, the innocence of the defendant as respects such charge was not established. In the state of the record it amounted to nothing more than a directed acquittal on the ground that he had been previously convicted of the same constituent offense; a finding that he could not then be convicted of fornication and bastardy because he had already been convicted of the same act of fornication. It was therefore not a bar to a prosecution under the Act of 1917 for wilfully neglecting to support the child born as a result of that act of fornication.

Argued April 12, 1926. Appeal No. 100, October T., 1926, by defendant, from judgment of Q. S. Northampton County, September Sessions, 1925, No. 6, in the case of Commonwealth of Pennsylvania v. Andrew Susanek. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for non-support of bastard child under the provisions of the Act of July 11, 1917, P. L. 773. Before McKEEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of defendant's motion for binding instructions.

*William H. Schneller,* for appellant.

*C. F. Smith,* of *Smith & Paff,* for appellee.

OPINION BY KELLER, J., July 8, 1926:

The record in this case is somewhat complicated but we are satisfied that it discloses no harmful error committed in the court below nor any injustice done the appellant.

Appellant was charged with wilfully neglecting to support his child born out of lawful wedlock, in violation of the Act of July 11, 1917, P. L. 773, as amended by the Act of June 21, 1919, P. L. 1075. He pleaded (1) autrefois convict; (2) autrefois acquit; and (3) not guilty. His evidence on the trial was confined to his special pleas of former conviction and formal acquittal. No defense was presented on the merits. He appeals from the judgment of sentence following a verdict of guilty.

The facts adduced in support of his special pleas of

former conviction and former acquittal were undisputed. There was therefore no issue of fact for the jury to pass upon; it was for the court to decide whether the admitted facts constituted a bar to the present prosecution.

Complaint was entered in Northampton County against the appellant by Julia Kochan, a fifteen year old girl, charging him with fornication and bastardy. While this case was pending, a charge was entered against him in Lehigh County, growing out of the same illicit connection, for statutory rape. The Lehigh County prosecution was tried first. He was acquitted of rape but convicted of fornication. He was then tried in Northampton County for fornication and bastardy. He filed a special plea of former conviction, in addition to the plea of not guilty, and without taking any testimony, the Commonwealth admitted that the facts set forth in the special plea at bar of autrefois convict were true; whereupon the court directed a verdict of not guilty under the special plea, basing its action on the decision of the Supreme Court in Com. v. Lloyd, 141 Pa. 28, which holds that the conviction of a man of fornication in the county where the child was begotten is a bar to his indictment for bastardy, growing out of the same illicit act of carnal intercourse, in the county where the child was born. To the same effect, see Com. v. Evans, 45 Pa. Superior Ct. 174; Heikes v. Com., 26 Pa. 513, 515.

Appellant was then arrested and tried on the present charge, and the record of the prosecution in Lehigh County was presented in support of the plea of former conviction, and that of the fornication and bastardy case in Northampton County in support of the plea of former acquittal.

Neither plea was adequately supported and the court should have so instructed the jury and withdrawn from their consideration everything but the guilt or

innocence of the defendant on the charge then being tried. As before stated, there was no issue of fact for the jury to pass upon, for the facts were not in dispute; and on the issues of law thus raised the decision was properly against the defendant on his special pleas.

(1) As to the plea of autrefois convict. A conviction of fornication, or even of fornication and bastardy, is not a bar to a prosecution under the Act of 1917, for wilfully neglecting to support the child resulting from such illicit intercourse: Com. v. Morningstar, 82 Pa. Superior Ct. 425. There is no identity of offense. They are wholly distinct: Com. v. Wibner, 73 Pa. Superior Ct. 349, 352. That of which appellant now stands convicted did not occur until he refused to support his child born out of wedlock: Com. v. Wibner, supra, p. 352. We have considered the case as if the record of the prosecution in Lehigh County had been received in evidence. No harm was done the defendant by its refusal.

(2) As to the plea of autrefois acquit. The record of the fornication and bastardy case offered in evidence by the appellant clearly establishes that the verdict of not guilty upon which he relies was directed by the court under the special plea of former conviction and the admission of identity of offense by the Commonwealth. It did not establish the innocence of the defendant as respects the fornication and bastardy of which he was charged (Com. v. Greevy, 271 Pa. 95, 100; Com. v. Shoener, 216 Pa. 71, 80), but in the state of the record, amounted to no more than a directed acquittal on the ground that he had been previously convicted of the same constituent offense; a finding that he could not then be convicted of fornication and bastardy because he had already been convicted of the same act of fornication. It was therefore not a bar to a prosecution under the Act of 1917, supra, for

wilfully neglecting to support the child born as the result of that act of fornication: Hilands v. Com., 114 Pa. 372, 375, 376.

Had there been any dispute as to the facts with respect to the special pleas it would have been the duty of the court below to submit those issues to the jury preliminarily to the trial on the merits: Com. v. Demuth, 12 S. & R. 389; Solliday v. Com., 28 Pa. 13. But with the facts not in dispute, the issues raised by the pleas were for the court, to be decided upon the records pleaded in the light of the admitted facts: Com. v. Montross, 8 Pa. Superior Ct. 237, 242; Com. v. Shoener, supra, p. 79. And this was what the court below in effect, though somewhat informally, did. It would have been justified in ruling squarely against the defendant and in favor of the Commonwealth on the special pleas; the defendant was not harmed by the course which it adopted.

In this view of the case, the charge of the court below as respects the duty of the jury to take the law as given by the court as the best evidence of what the law is and apply it to the facts as they might determine the facts to be (third assignment), becomes unimportant; but it is in line with the latest pronouncements of the Supreme Court in Com. v. Bryson, 276 Pa. 566, 570 and Com. v. Castellana, 277 Pa. 117, 121, 122.

It is not necessary to discuss the assignments of error in further detail. They are all overruled.

The judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time this appeal was made a supersedeas.