## Commonwealth v. Swinehart.

*Indictment — Prior conviction—Practice—Motion to quash indictment— Seduction—Fornication and bastardy.*

An indictment for seduction will not be quashed because the defendant has previously been convicted of fornication and bastardy for the same act. A prior conviction is not ground for quashing an indictment, but is a matter of defence and must be raised, if at all, at the trial on a special plea in bar.

Rule to quash indictment. Q. S. Lancaster Co., Jan. T., 1926, No. 87.

*B. F. Davis*, for rule.

*J. Andrew Frantz* and *Joseph B. Wissler*, District Attorney, contra.

HASSLER, J., April 17, 1926.—The indictment which the defendant asks us to quash charges him with seduction. It is drawn under section 41 of the Act of March 31, 1860, P. L. 394, and complies with it in all respects. The motion to quash does not raise any objection to the indictment for any formal defect appearing on its face, and, consequently, we cannot quash it under section 11 of the Act of March 31, 1860, P. L. 427, 433. The reason given why the indictment should be quashed is that the defendant was convicted and sentenced for the crime of fornication and bastardy, which he alleges is part of the same act of carnal intercourse with Violet M. Miller upon which the charge of seduction is based. This does not appear in the indictment or the complaint on which the indictment is drawn. In Com. v. Morningstar, 82 Pa. Superior Ct. 425, it is decided that a prior conviction is not ground for quashing an indictment, but is a matter of defence and must be raised, if at all, at the trial on a special plea in bar. See, also, Com. v. Church, 1 Pa. 105; McCullough v. Com., 67 Pa. 30; Com. v. Frescoln, 11 Lanc. Law Rev. 161.

The motion to quash in overruled.

From George Ross Eshleman, Lancaster, Pa.