Commonwealth of Pa., Appellant, *v.* Dudenhoeffer.

Argued April 11, 1932.

Before Trex-
ler, P. J., Keller, Gawthrop, Cunningham, Baldrige,
Stadtfeld and Parker, JJ.

*Stuart A. Culbertson,* District Attorney, for appellant.

*Arden D. Mook,* and with him *John I. Kent* of *Kent and Mook,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

Defendant was indicted in Crawford County, the charge being neglecting and refusing to contribute reasonable support to his child born out of lawful wedlock. The Act of July 11, 1917, P. L. 773 makes it a misdemeanor for the father to neglect or refuse such support and provides a penalty for its violation. Upon the case being called the defendant interposed the plea of former acquittal claiming that he had been indicted for fornication and bastardy, and had been found guilty of fornication, and acquitted of bastardy. The attorneys in the case agreed at the trial that the present charge, and that involved in the former trial arose out of the same sexual act. The court sustained the plea, and in its charge to the jury instructed them that there could be no conviction of. In the former case the court's conclusion was based upon the fact, that the child was born in Allegheny County, which under the Act of March 31, 1860, P. L. 382, was the county in which the prosecution should be brought, that the bastardy was only incidental to the fornication, and the verdict of guilty of fornication ended the matter. The Commonwealth having selected its forum was bound by its action: Commonwealth v. Lloyd, 141 Pa. 28.

When the legislature passed the act, under which the defendant was indicted in the present case, it declared that to be a crime which theretofore was none, and made the neglect to support an illegitimate child an indictable offense. We think the present case is directly ruled by our case of Commonwealth v. Susanek, 88 Pa. Superior Ct. 428. In that A was charged with fornication and bastardy in Northampton County; when the charge was pending he was charged with statutory rape in Lehigh County, growing out of the same transaction and was acquitted of rape, but found guilty of fornication. When later the case in Northampton County came to trial he pleaded the conviction in Lehigh County a bar, and the court held that the plea was well pleaded, that the law of the State was that where the intercourse took place in one county and the bastardy occurred in the other, the latter charge must be tried in the county where the child was born: Commonwealth v. Lloyd, supra. He was then arrested, charged with non-support of his bastard child, and a plea of former conviction offered, and the trial resulted in a verdict of guilty. Our court through Judge KELLER affirmed the lower court. We quote from his opinion: "A conviction of fornication, or even of fornication and bastardy, is not a bar to a prosecution under the Act of 1917, for wilfully neglecting to support the child resulting from such illicit intercourse: Com. v. Morningstar, 82 Pa. Superior Ct. 425. There is no identity of offense. They are wholly distinct: Com. v. Wibner, 73 Pa. Superior Ct. 349, 352. That of which appellant now stands convicted did not occur until he refused to support his child born out of wedlock: Com. v. Wibner, supra, p. 352." In the Susanek case, as in this, there had been at the first trial a directed verdict on the bastardy charge, and the following extract from Judge KELLER is apposite: "The record of the fornication and bastardy case offered in

evidence by the appellant clearly establishes that the verdict of not guilty upon which he relies was directed by the court under the special plea of former conviction and the admission of identity of offense by the Commonwealth. It did not establish the innocence of the defendant as respects the fornication and bastardy of which he was charged (Com. v. Greevy, 271 Pa. 95, 100; Com. v. Shoener, 216 Pa. 71, 80) but in the state of the record, amounted to no more than a directed acquittal on the ground that he had been previously convicted of the same constitutent offense; a finding that he could not then be convicted of fornication and bastardy because he had already been convicted of the same act of fornication. It was therefore not a bar to a prosecution under the Act of 1917, supra, for wilfully neglecting to support the child born as the result of that act of fornication: Hilands v. Com., 114 Pa. 372, 375, 376.'' Com. v. Maddox, 100 Pa. Superior Ct. 147, contains nothing to the contrary. In that case we decided that when the defendant had been convicted of fornication and bastardy, he could not upon being charged with non-support under the Act of 1917, supra, again raise the question of the paternity of the child. That question is not involved in the present discussion.

We are all of the opinion that the learned judge of the court below erred in holding that the plea of autrefois acquit prevented the defendant from being tried under the act of 1917, supra, for neglecting to support his child. It is well that we are able to reach such a conclusion for it is far better that this defendant fulfill his duty toward his illegitimate child, than that he be relieved of it on a purely technical plea of former acquittal in a case which in fact did not establish his innocence.

The judgment is reversed with a procedendo.