## Commonwealth v. Painter

*Richard D. Laird,* district attorney, for Commonwealth.

*Carroll Caruthers,* for defendant.

WHITTEN, J., January 12, 1935.—On August 28, 1933, at no. 188, May term, 1933, in the Court of Quarter Sessions of Westmoreland County, the defendant, Wayne Painter, entered a plea of guilty to an information charging him with the crime of fornication and bastardy, to wit: "On the 15th day of November, A. D. 1931, defendant aforesaid did then and there unlawfully have carnal intercourse with Josephine Bohince, Irwin R. F. D. 2,

Pa., as a result of which the said Josephine Bohince gave birth to a Female child on the 3rd day of August, 1932, which said child is a bastard and the said Wayne Painter being unmarried and the defendant is the father of the said child."

The plea entered thus by the defendant was in writing, and as follows: "And now, August 28th, 1933, I, Wayne Painter, the defendant above named hereby acknowledge that I am guilty of the above charge, and will so plead when called for trial; and further, I waive the finding of a bill of indictment against me and do plead guilty and, hereby ask for sentence to all intents and purposes as if a true bill of indictment had been found against me by the Grand Jury, (signed) Wayne Painter."

On August 28, 1933, the court sentenced the defendant to pay the costs of prosecution and a fine of $.06¼ and pay the probation officer, for the support of his child, $50 lying-in expenses and $2.50 per week, payable monthly for a period of 12 years, and permitted the defendant to enter into his own recognizance in the sum of $1,000 to insure his compliance with the terms of the sentence.

Having failed to comply with the terms of the sentence thus imposed on August 28, 1933, the court, on motion of the district attorney, caused a bench warrant to be issued for the apprehension of the defendant for non-compliance with the said sentence and the defendant was committed to jail under the provisions of the Act of May 24, 1917, P. L. 268. However, the defendant was later released as an insolvent.

On November 15, 1934, at no. 323, August term, 1934, the grand jury found "a true bill" upon an indictment charging: "That Wayne Painter late of said County yeoman on or about the First day of November in the year of our Lord one thousand nine hundred and Thirty-Two at the County aforesaid, and within the jurisdiction of this Court, with force and arms, etc., being then and

there the father of one Marian Painter, a female child born out of wedlock, did unlawfully and wilfully neglect and refuse to contribute reasonably to the support and maintenance of said Marian Painter."

On November 15, 1934, the above case was tried before court and jury with the result that the jury found the defendant "guilty".

On November 16th, counsel for the defendant filed the following motion in arrest of judgment, to wit: "And now, November 16th, 1934, the defendant, Wayne Painter, by Carroll Caruthers, his attorney, moves the Court in arrest of judgment, and in support of said motion he files the following reasons: (1) The offense charged in the indictment is barred by the limitations prescribed in the Acts of Assembly and cannot be enforced. (2) The defendant pled autrefois convict and not guilty, the verdict is illegal and cannot be enforced against him. (3) The defendant having presented a point for binding instructions, the verdict is illegal and cannot be enforced against him."

At the trial of the above case, the district attorney offered in evidence the record in the case above mentioned at no. 188, May term, 1933, wherein the defendant entered a plea of guilty to the charge of fornication and bastardy, viz: "That defendant was the father of a female child born out of lawful wedlock—the mother of the child being Josephine Bohince—who is also the prosecutor in this case."

There is no dispute that the said Marian Painter referred to in the indictment at no. 323, August term, 1934, is the "female bastard child" referred to in the indictment at no. 188, May term, 1933.

There was proof that the last payment made by the defendant (pursuant to the sentence at no. 188, May term, 1933, for the support of his bastard child) was in November, 1933; and that the said bastard child, Marian Painter, of which the defendant is the father, was born August 3, 1932.

There was also proof—which was not contradicted—that the defendant had been receiving wages since August 1, 1934, in the sum of $15 per week. In other words, there was ample proof to sustain the finding by the jury that the defendant did "unlawfully neglect and refuse to contribute reasonably to the support and maintenance of Marian Painter" defendant's bastard child.

1. On November 15, 1934, was the offense charged in the indictment barred by the statute of limitations?

The Act of July 11, 1917, P. L. 773, provides: "That any parent who shall wilfully neglect or refuse to contribute reasonably to the support and maintenance of a child born out of lawful wedlock shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding five hundred dollars ($500), or imprisonment not exceeding six months, or both, with or without hard labor, in the discretion of the court."

"A conviction of fornication, or even of fornication and bastardy, is not a bar to a prosecution under the Act of July 11, 1917, P. L. 773, for wilfully neglecting to support the child resulting from such illicit intercourse": Commonwealth v. Susanek, 88 Pa. Superior Ct. 428.

In the above case, the Superior Court, at page 431, said: "As to the plea of autrefois convict. A conviction of fornication, or even of fornication and bastardy, is not a bar to a prosecution under the Act of 1917, for wilfully neglecting to support the child resulting from such illicit intercourse: Com. v. Morningstar, 82 Pa. Superior Ct. 425. There is no identity of offense. They are wholly distinct: Com. v. Wibner, 73 Pa. Superior Ct. 349, 352. That of which appellant now stands convicted did not occur until he refused to support his child born out of wedlock: Com. v. Wibner, supra, p. 352."

The Act of July 21, 1919, P. L. 1075, provides: "All prosecutions under this act must be brought within two years of the birth of the child: Provided, however, That where the reputed father shall have voluntarily contributed to the support of the child, or shall have ac-

knowledged in writing his paternity, then a prosecution under this act may be brought at any time within two years of any such contribution or acknowledgment by the reputed father."

Since the defendant on August 28, 1933, acknowledged in writing his paternity of the said Marian Painter, which written acknowlegment was less than 2 years from the date when the grand jury found a true bill against the defendant in this case, the defendant's first reason in arrest of judgment must be overruled.

2. Is the verdict of "Guilty," illegal since the defendant pled "autrefois convict and not guilty"?

It is true that there is written upon the title page of the indictment the following: "November 15th, 1934, defendant being arraigned, pled autrefois convict and not guilty".

However, the court did not notice the plea "autrefois convict" written as aforesaid on the title page of the indictment—until after the verdict was rendered, and until defendant's motion of judgment was filed; and neither counsel for the Commonwealth nor counsel for the defendant, during the trial, referred to the said plea of "autrefois convict". Moreover, the district attorney now states that he did not know until after the verdict was rendered that the defendant had entered a plea of "autrefois convict", and that defendant's counsel did not mention this plea in the course of the trial.

However, when the proofs were concluded, defendant's counsel presented the following request (and no other) for instructions to the jury, viz: "And now, November 15th, 1934, comes the defendant, Wayne Painter and moves the Court to direct the jury as follows: 1. Under all the evidence in this case your verdict must be not guilty", which point the court refused without reading the same to the jury.

In other words, during the entire course of the trial of this case, counsel for the defendant did not request the

court to dispose of the defendant's plea of "autrefois convict" until the motion in arrest of judgment was filed.

In submitting the case, the court explained to the jury that the defendant was not on trial upon a charge of fornication and bastardy; that the defendant had been sentenced for that offense on August 28, 1933, at no. 133, May term, 1933; and that the jury could not convict the defendant in this case unless they were convinced beyond a reasonable doubt that prior to, and since November 15, 1934, the defendant was financially able to support his child, Marian Painter (who was born out of lawful wedlock); that Marian Painter was the female child of the defendant born out of lawful wedlock and further that the defendant did unlawfully, wilfully neglect and refuse to contribute reasonably to the support and maintenance of the said Marian Painter.

Defendant's counsel, citing Solliday v. Commonwealth, 28 Pa. 13, contends that since the pleas of "autrefois convict" and not guilty, were both submitted to the jury at the same time and the jury found the defendant guilty, but rendered no verdict in the plea of "autrefois convict", it would be error to enter judgment upon the verdict.

"A defendant who pleas former acquittal has the burden of proof of establishing the truth of his plea": Commonwealth v. Greevy, 271 Pa. 95, 96. See also Commonwealth v. Curry, 285 Pa. 289, 296-297; Commonwealth v. Forney, 88 Pa. Superior Ct. 451, 460-464.

In the instant case, the defendant offered no proof to sustain his plea of "autrefois convict". The record in the case of Commonwealth v. Wayne Painter, at no. 188, May term, 1933, was introduced by the district attorney.

Moreover, the defendant did not, orally or in writing, request the court to have the court or the jury dispose of his pleas of "autrefois convict."

In other words, there was no proof to sustain the plea of "autrefois convict"; and, therefore, the court would

have been justified in directing a verdict against the defendant on the pleas of "autrefois convict."

In the circumstances, an arrest of judgment would constitute a reproach to the law and to its administration. However, in the circumstances, the court has the authority, on its own motion, to grant the defendant a new trial.

"The right of a court to order a new trial of its own motion is indisputable. It is one of the essential functions of a judge sitting with a jury."

"Such an order does not violate article I, section 2, of the constitution which provides that 'no person shall for the same offense be twice put in jeopardy of life or limb' ": Commonwealth v. Gabor, 209 Pa. 201.

In the above case, the Supreme Court, at page 203, said: "The appellant was indicted for murder, regularly tried, and a verdict rendered of guilty of manslaughter. By inadvertence this verdict was received, and the jury discharged in the absence of the prisoner. On being brought in subsequently for sentence, the prisoner moved for arrest of judgment and a discharge from custody. The court refused the motion but set aside the verdict and ordered a new trial. This action is the ground of the appeal.

"The appeal is purely technical and entirely without substantial merit. It belongs to the class referred to by the late Chief Justice Sterrett as 'subtile distinctions that mark no substantial differences, and do not affect the merits of a controversy unless it may be to obscure or to defeat them (and) should not be allowed to thwart justice in the interests of disorder and crime:' Com. v. Jongrass, 181 Pa. 172. And to the same effect it was said in Com. v. Kaiser, 184 Pa. 493, the safeguards which the law has placed around the innocent 'will not be allowed to be perverted into devices to defeat justice, and this court has set its face resolutely against trifling objections that raise no point of any real bearing on the fact of guilt or innocence'."

In the circumstances, the court is of the opinion that justice to the Commonwealth and justice for the defendant would be accomplished, without prejudice to either, by granting a new trial.

### Decree

And now, January 12, 1935, it is ordered, adjudged and decreed that the defendant's motion in arrest of judgment be, and the same is hereby overruled; and the verdict in this case be, and the same is hereby set aside and a new trial is hereby granted.