## Commonwealth v. Hile

*Harold S. Irwin, Jr.*, Assistant District Attorney, for Commonwealth.

*George F. Douglas, Jr.*, for defendant.

SHUGHART, P. J., November 29, 1957.—Counsel for defendant in the above case has filed a motion to quash the information on the ground that defendant had previously entered a plea of guilty to the charge of reckless driving, which is a summary offense, and for this reason moves to quash the instant information charging the offense of operating a motor vehicle while under the influence of intoxicating liquor, on the basis of a plea of autrefois convict.

No authority has been cited to us, nor has our own research revealed any authority, for the proposition that the plea of autrefois convict can be entered even after an indictment has been found, let alone prior to the laying of an indictment. Generally, plea of autrefois convict is a matter of defense to be raised at the

trial of the case, and may not even be raised in a motion to quash an indictment: Commonwealth v. Morningstar, 82 Pa. Superior Ct. 425.

For this reason, we deem the present motion to be premature and it must, therefore, be overruled.

And now, November 29, 1957, at 3:10 p.m,. for the reasons given in the foregoing opinion, the motion to quash the information be and is hereby overruled.