## Commonwealth *v.* Losey, Appellant.

*Criminal law—Fornication and bastardy—Indictment—Penalty —Criminal procedure.*

An indictment charging the defendant with having committed fornication in New York State, and thereby begetting a bastard child, born in the State of Pennsylvania, is sufficient to support a conviction in this State.

The father of a bastard child, begotten outside the State but born within it, is not liable to fine or imprisonment in this State for the crime committed elsewhere, but is liable to prosecution to compel him to support the child.

Fornication and bastardy may both be charged in one count of an indictment. It is never improper to aver in an indictment the essential facts which the Commonwealth will be required to prove, in order to warrant a conviction, and indicate the sentence which may be imposed.

*Criminal law—Fornication and bastardy—Evidence—Declarations of woman as to paternity of child—Act of March 31, 1860, P. L. 392, section 37.*

Declarations of a woman, when in the extremity of labor, as to the paternity of her child, are made competent evidence against the man charged with fornication by Act of March 31, 1860, P. L. 392, section 37. But such declarations must be of the same definite character as would be required of testimony to be received in open court upon trial.

It is entirely proper for the district attorney to ask the physician, who attended at the accouchement, whether, while the woman was in her labor pains, she named any one as the father of the child.

When, however, the physician stated that the woman said "God damn that M. L., I will kill him," that declaration did not measure up to the statutory requirements, and it was error to allow the jury to consider it for the purpose of determining whether the woman had charged the defendant with being the father of the bastard child.

Argued March 16, 1922. Appeal, No. 294, Oct. T., 1921, by defendant, from judgment of Q. S. Tioga Co., Sept. Sessions, 1921, No. 4, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Marcine Losey. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Reversed.

Indictment for fornication and bastardy. Before CHANNELL, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to quash the indictment, admission of evidence of declarations by the prosecutrix, refusal to strike out such evidence, and refusal to direct verdict for defendant.

*Chester H. Ashton,* and with him *Paul J. Edwards* and *Andrew B. Dunsmore,* for appellant.—Since the indictment charges fornication and bastardy in one count, it is impossible to say that the jury did not convict the de-

fendant of fornication committed in New York State, a crime over which the court had no jurisdiction.

The declarations of the woman, as testified to by the physician, should not have been admitted: McClelland v. Lindsey, 1 W. & S. 362; Morgan v. Brown, 71 Pa. 130.

*David Cameron,* and with him *Charles M. Elliott,* District Attorney, for appellee.

OPINION BY PORTER, J., July 13, 1922:

The indictment charged that the defendant did, at a designated place in the State of New York, commit fornication with a certain unmarried woman, naming her, of the Borough of Lawrenceville, County of Tioga and State of Pennsylvania, and a bastard child of the body of her did then and there beget which said bastard child was thereafter born at the Borough of Lawrenceville, County of Tioga and State of Pennsylvania. The trial resulted in a verdict of guilty and the court sentenced the defendant to pay a small amount for expenses at the birth of the child and its support to the day of sentence, and to give security to perform an order of maintenance, which is not here asserted to be unreasonable. No fine was imposed. The defendant appeals from that sentence. The first assignment of error complains of the refusal of the court to quash the indictment. The grounds upon which the appellant moved the court to quash the indictment were that: (1) The court had no jurisdiction, the indictment charging the offense fornication and bastardy and the fornication being averred to have occurred in the State of New York, and the bastardy to have occurred in this county; (2) That fornication and bastardy is one offense, and fornication being the essential offense and bastardy the result thereof, the offense, if any was committed, was committed in the State of New York; (3) That the Act of 1860, relating to venue in fornication and bastardy cases, where the fornication occurs outside of the state, does not give jurisdiction to the courts of the

county where the bastard is born. The contention of the appellant is that the indictment should be drawn charging only the bastardy and not the fornication which occurred outside of the State.

The 37th section of the Act of March 31, 1860, P. L. 392, imposes, as a penalty for fornication, a fine not exceeding one hundred dollars; but acting upon the principle that the father of a bastard child should be liable for its maintenance, the legislature provided that upon conviction the father should be sentenced to pay the expenses incurred at the birth of such child and give security for its maintenance. The same statute, in its 38th section, provided that when a bastard child was begotten outside of the State and born within the State a like sentence should be passed upon the father, "except in the imposition of a fine, which part of the sentence shall be omitted." These provisions do not render the father of a bastard child begotten outside of the State but born within it liable to a fine for the offense committed outside of the State, but they do render him liable to prosecution to compel him to support his bastard child when that child is born within the State. It is the birth of a child within the State that renders the father liable to be prosecuted, in such a case, upon the ground of his paternity of the child. The courts of quarter session of the peace have jurisdiction within the respective counties; ". . . . . . of all crimes, misdemeanors and offenses whatsoever, against the laws of this Commonwealth, which shall be triable in their respective county." It is the birth of the child which renders the father liable to be sentenced to maintain it, and the jurisdiction is in the court of quarter sessions of the county where the birth occurs. Bastardy cannot properly be called a different offense from fornication. The bastard is begotten in the act of fornication and his birth is the consequence of it. But the punishment of fornication, and the order to maintain the child, are quite different things. A fine is imposed for fornication, or in case af adultery a fine and

imprisonment, the order for maintenance is intended for the enforcement of a moral duty, and the protection of the public from expense: Duncan v. Com., 4 S. & R. 450. Had this indictment contained but one count charging bastardy only, as the appellant contends it ought to have done, the Commonwealth would still have been required to prove when and where the child was unlawfully begotten. It was said in Com. v. Lloyd, 141 Pa. 29: "While it is true that this offense may be so far separated as to charge fornication in one count of an indictment and bastardy in another, yet the bastardy is but an incident of the fornication, the result of a single act. Hence, we do not think the Commonwealth can prosecute for one offense in one county, and for the other in a different county." But this does not mean, nor is there any case in which it has been decided that fornication and the bastardy which is the resulting incident thereof, may not be charged in the same count. Convictions have been repeatedly sustained on indictments charging fornication, or adultery, and the resulting bastardy in one count: Duncan v. Com., supra; Heiks v. Com., 26 Pa. 514; Dinkey v. Com., 17 Pa. 126; Gorman v. Com., 124 Pa. 536; Com. v. Lewis, 140 Pa. 561. It is never improper to aver in an indictment the essential facts which the Commonwealth will be required to prove in order to warrant a conviction and indicate the sentence which may be imposed. The learned judge of the court below did not err in overruling the motion to quash the indictment and the first specification of error is dismissed.

The 37th section of the Act of March 31, 1860, P. L. 392, contains this provision: "The man by such woman charged to be the father of such bastard child......and she persisting in said charge, in the time of her extremity of labor, or afterwards in open court upon the trial of such person so charged, the same shall be given in evidence, in order to convict such person of fornication." It was, therefore, entirely proper for the district attorney to ask the physician who attended at the accouche-

ment whether, while she was in her labor pains, she named any one as the father of the child and the court did not err in overruling the objection of counsel for the defendant to that question. The second assignment of error must, therefore, be dismissed.

The third assignment of error refers to the refusal of the court to strike out the answer of the witness to the question which was the subject of the second assignment of error, above stated. The answer of the witness to that question was really not responsive to the question, it merely stated that the woman had, during her labor, said, "God damn that Marcine Losey, I will kill him." Further examination of the witness and his cross-examination clearly disclosed that the words above quoted were all that the woman said about the defendant during the period of her labor. Nothing was said by her or any other person in her presence as to the paternity of the child, nor was she asked any question relating to that matter. Upon the conclusion of the testimony counsel for the defendant moved to strike out the answer above quoted, which motion the court overruled, and the defendant took an exception to that ruling. The declarations of a woman while in the extremity of labor are not under the general rules of evidence, in such a case, competent, they are only admissible because the statute so provides and when of the character by the statute indicated. The language of the statute, above quoted, clearly defines the character of the declarations, made by the woman while in labor, which shall be given in evidence, they must be such as identify the defendant as "The man by such woman charged to be the father of such bastard child." When she persists "in said charge, in the extremity of her labor, or afterwards in open court, upon the trial of such person so charged, the same shall be given in evidence, in order to convict such person of fornication." The declaration, while in labor, in order to be admissible, must be of the same definite character as is required when the woman testified "afterwards in

open court upon the trial." Now, if, in such a case, a woman were to take the stand and, without any question being asked her, were simply to give utterance, with a profane oath, to a declaration of her intention to kill the defendant, and say nothing further, no court would permit a jury to infer that she had thus charged the defendant with being the father of her bastard child. The learned judge of the court below not only refused to strike out the answer above quoted, but distinctly charged the jury that it was for them to determine whether or not, by that single profane sentence, the woman had charged the defendant with being the father of the bastard child. The motion of the defendant to strike out the answer ought to have prevailed and the third assignment of error is sustained. The case was in other respects well tried in the court below and the remaining assignments of error are overruled.

The judgment is reversed and a venire facias de novo awarded.