## Commonwealth v. Jury.

*Criminal law — Fornication and bastardy — Indictment — Jurisdiction — County where child was born—Pleading—Conviction of similar offence—Act of March 31, 1860.*

1. Under section 38 of the Act of March 31, 1860, P. L. 393, a prosecution for fornication and bastardy should be brought in the county in which the child was born.

2. It is proper, and practically necessary, to charge fornication and bastardy in the same count.

3. On a motion to quash an indictment for fornication and bastardy, the court cannot consider the records of another court showing that defendant pleaded guilty to a charge of adultery with the same prosecutrix, unless there is proof or admission that the offences were identical.

Motion to quash indictment. Q. S. York Co., Aug. Sess., 1923, No. 61.

*M. S. Niles,* for motion; *W. W. Van Baman,* District Attorney, contra.

WANNER, P. J., Jan. 27, 1924.—This bill of indictment against the defendant for fornication and bastardy charges that the bastard child was begotten and born in the County of York. This makes the County of York the proper jurisdiction within which to prosecute for those offences, and no formal defect in the bill is alleged in support of this motion to quash the same.

In support of the motion to quash, the record of the courts of Northampton County are offered in evidence, showing that the defendant, on Sept. 10, 1923, entered a plea of guilty to the charge of adultery with this same prosecutrix. Said records also show that an indictment for fornication and bastardy, charging the offences to have been committed in that county, was *nol prossed* by said court on Sept. 10, 1923.

The case of Com. *v.* Lloyd, 141 Pa. 28, is cited as authority for quashing this bill. But that case is not applicable to this one, because it was not a motion to quash, but a plea of former conviction made at the trial of the case. It was conceded by the Commonwealth that the act of fornication had been committed in Luzerne County and the defendant was put on trial in Lackawanna County for the resulting bastardy. Under section 38 of the Act of March 31, 1860, P. L. 393, the prosecution for both offences should have been brought in the county where the child was born. As the defendant had already been convicted of the fornication in Luzerne County, the court held that he could not be tried and convicted of the separate offence of bastardy in Lackawanna County in violation of the provisions of the statute, and also because it would have been a second conviction of the same act of fornication for which he had already been convicted and punished in Luzerne County.

In this case, as already observed, the bill of indictment charges the act of fornication as well as the resulting bastardy to have occurred in the County of York. The fact that there may have been a conviction of some other act of fornication at a different time, in another jurisdiction, does not affect the formal sufficiency of this bill of indictment. It is not a case in which it is admitted, or has yet been proven, that the act of fornication in Northampton County resulted in a bastardy in this county. In fact, the record of Northampton County Quarter Sessions shows that prosecution begun there for fornication and bastardy was *nol prossed.*

The charge of fornication and bastardy in a single count has been sustained as proper and practically necessary, because the act which caused the bastardy must necessarily be alleged in the count describing a bastardy: Com. *v.* Losey, 79 Pa. Superior Ct. 75.

Commonwealth v. Jury.

If the records of another court or any evidence that may be offered to establish the identity of the offences charged in this bill with those for which the defendant had been convicted elsewhere are to avail him, they may be offered in support of a plea of former conviction, but are not available in support of a motion to quash this bill.

And now, to wit, Jan. 7, 1924, the motion to quash is overruled and refused.

From Richard E. Cochran, York, Pa.