## Commonwealth *v.* Mike Gamica, Appellant.

*Criminal law—Fornication and bastardy—Adultery and bastardy —Sentence.*

On the trial of an indictment for fornication and bastardy, and adultery and bastardy, it is error to sentence the defendant on the conviction of adultery, where the evidence established that the latter crime had been committed in another county.

Under section 38 of the Act of March 31, 1860, P. L. 392, providing that, where on a charge of bastardy it is proven that the child born in one county was begotten in another, the defendant may be sentenced as if both offenses had been committed in the same county, a sentence on the conviction of bastardy will be sustained, and the record remitted to sentence the defendant on such charge for which he was convicted.

Argued March 10, 1925. Appeal, No. 178, April T., 1925, by defendant, from judgment of Q. S. Allegheny Co., June Sessions, 1924, No. 674, in the case of Commonwealth of Pennsylvania v. Mike Gamica. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for adultery and bastardy and fornication and bastardy. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.

*Franklin A. Ammon,* and with him *Philip K. Shaner,* for appellant.

*Roy T. Clunk,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY LINN, J., April 28, 1925:

Appellant, a married man, was charged in separate counts with adultery and bastardy, and with fornication and bastardy, and was convicted as indicted. Both the begetting and the birth of the child were alleged to have taken place in Allegheny County, but the evidence showed that the former occurred in Westmoreland County; appellant was sentenced to pay a fine and to serve a year's imprisonment.

The penalty for adultery is prescribed by section 36 of the Act of March 31, 1860, P. L. 392; and the Commonwealth contends that the sentence of imprisonment complained of was imposed pursuant to that section. Section 37 prescribes the penalties for fornication and bastardy. Section 38, which governs this case, provides: "If a bastard child is begotten out of the state, and born within the state, or begotten within one of the counties of this state, and born in another, in the latter case, the prosecution of the reputed father shall be in the county where the bastard child shall be born, and the like sentence shall be passed as if the bastard child had been or shall have been begotten within the same county, and in the former case, viz: of a bastard begotten without the state and born within it, the like sentence shall be passed, except in the imposition of a fine, which part of the sentence shall be omitted." See Com. v. Losey, 79 Pa. Superior Ct. 75, for discussion of that statute with reference to the precedents.

Section 38 prescribes a penalty for bastardy and must be strictly construed; it applies here. The court below therefore had authority to sentence on the conviction of bastardy but not for the adultery said to have been committed in Westmoreland County.

The judgment is reversed and the record is remitted with instructions to sentence appellant on the bastardy charge of which he was convicted.