## Commonwealth v. Cumberland.

*Criminal law—Fornication and bastardy—Effect of acquittal on bastardy charges when child is begotten in one county and born in another—Jurisdiction—Act of March 31, 1860.*

Where a bastard child is begotten in one county and born in another, and a jury trying the reputed father in the county where the child was born finds the defendant not guilty of fornication and bastardy, but guilty of fornication, the court is without jurisdiction to sentence him.

Act of March 31, 1860, § 38, P. L. 392, considered.

Motion in arrest of judgment. Q. S. Lawrence Co., Dec. Sess., 1926, No. 60.

*J. Elder Bryan,* District Attorney, and *J. W. Rhodes,* for Commonwealth.

*James A. Chambers,* for defendant.

HILDEBRAND, P. J., July 25, 1927.—On an indictment charging fornication and bastardy in the first count and fornication in the second count, the defendant was found not guilty on the first count and guilty on the second count. He has presented a motion in arrest of judgment.

The indictment averred fornication in the County of Lawrence with the prosecutrix, resulting in the birth of twin girls in the Borough of Ellwood City, in Lawrence County, Jan. 5, 1927. The bill of particulars filed averred the illicit intercourse to have taken place in Armstrong County, Pennsylvania, on April 4, 1926, and from that time almost weekly up until Aug. 1st of the same year. Jurisdiction of the offense is given to this court by section 38 of the Act of March 31, 1860, P. L. 393, which reads as follows: "If a bastard child is . . . begotten within one of the counties of this State and born in another . . . the prosecution of the reputed father shall be in the county where the bastard shall be born, and a like sentence shall be passed as if the bastard child had been or shall have been begotten within the same county."

This statute is in derogation of the rule of the common law and general rule of the statute law that an offense is triable only in the county in which it was committed. The overt, unlawful act with which defendant stands charged was committed in Armstrong County. The bastardy occurring in this county is merely a consequence or an aggravation of the offense of fornication committed in Armstrong County.

While several trial courts have held that the words "prosecution of the reputed father" give to the court of the county of the bastard's birth jurisdiction of the offense of illicit intercourse, be it fornication, adultery or rape (Com. *v.* Swanheart, 70 Pitts. L. J. 1030), the Superior Court, in Com. *v.* Gamica, 85 Pa. Superior Ct. 396, has held otherwise. In that case, the defendant, a married man, was charged in one count with adultery and bastardy and in another with fornication and bastardy and was found guilty as indicted. The illicit intercourse was alleged and proven to have occurred in a county other than the county of the birth of the bastard. The trial court sentenced on the charge of adultery. In reversing the judgment of the trial court, the appellate court made use of the following language: "Section 38 prescribes a penalty for bastardy and must be strictly construed; it applies here. The court below, therefore, had authority to sentence on the conviction of bastardy, but not for the adultery said to have been committed in Westmoreland County. The judgment is reversed and the record is remitted with instructions to sentence appellant on the bastardy charge of which he was convicted."

It is to be noted that the direction to the trial court is to sentence on the bastardy charge, and not on fornication and bastardy, although the jury had

found the defendant guilty of fornication and the offense of fornication is included in the offense of adultery. The appellate court has said that the act "must be strictly construed." It has followed up this declaration with an exceedingly strict construction.

It is argued that if it is held that this court is without jurisdiction to sentence on the charge of fornication, the defendant, although found guilty by a jury, will go unpunished. This appears to be the true situation, as in Com. v. Lloyd, 141 Pa. 28, it is indicated that the prosecution for bastardy in this county will bar a prosecution for fornication in Armstrong County. The situation is to be no more deplored than that which appeared in Com. v. Gamica, supra, where the defendant had been found guilty of the more serious charge of adultery, but went unpunished for the crime. The remedy for these conditions is with the legislature and not with the courts.

Section 38 of the Act of March 31, 1860, P. L. 393, prescribing a penalty for bastardy, and the Commonwealth having failed to sustain its charge of bastardy against the defendant, has no application in the present case, in which the jury has convicted of fornication only, and the fornication having been committed outside the jurisdiction of the court, this court is without authority to sentence the defendant, and his present motion must prevail.

Now, July 25, 1927, the motion in arrest of judgment is sustained and granted, and the defendant, Clair Cumberland, is forthwith discharged without day.                    From William McElwee, New Castle, Pa.