# Commonwealth *v.* Wibner, Appellant.

*Criminal law—Illegitimate children—Order of support—Termination of order—Subsequent order.*

A petition for an order of support of an illegitimate child is properly refused, where it appears that the original order provided for a payment of a fine and a subsequent payment of $15.00 per week, which had been complied with before the filing of the second petition.

The provisions of the Act of July 11, 1917, P. L. 773, section 4, permitting the court to make a change in the order from time to time as circumstances may require, do not apply when the original order of the court has been obeyed by the defendant.

270, (1925).] Statement of Facts—Opinion of the Court.

Argued March 10, 1925. Appeal, No. 175, April T., 1925, by defendant, from judgment of Q. S. Allegheny Co., May Sessions, 1919, No. 15, in the case of Commonwealth of Pennsylvania v. Albert J. Wibner. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to show cause why defendant should not contribute further support for an illegitimate child. Before HAYMAKER, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and directed that the defendant pay the mother of the child, for the support of the latter, the sum of $7.50 per week for a period of three years, and enter into a bond in the sum of $300. Defendant appealed.

*Error assigned* was the decree of the court.

*Max J. Spann,* and with him *James A. Wakefield,* for appellant.

*Roy T. Clunk,* and with him *Samuel H. Gardner,* District Attorney, *George F. P. Langfitt,* Assistant District Attorney, and *John D. Watson,* for appellee.

OPINION BY HENDERSON, J., May 4, 1925:

The defendant was indicted, in the Court of Quarter Sessions of Allegheny County for neglecting or refusing to contribute reasonably to the support and maintenance of a child of his born out of lawful wedlock. The indictment was drawn in accordance with the provisions of the Act of July 11, 1917, P. L. 773. At the trial the defendant was convicted and on July 17, 1919, was sentenced to pay a fine of 6¼ cents to the Commonwealth, the costs of prosecution, and to pay to the mother of the child $150 for its maintenance from February 1, 1919, to July 17,

272     COMMONWEALTH *v.* WIBNER, Appellant.

1919, and was directed to pay the mother $15 per week
for four years, and to give bond with surety in the sum
of $500 to comply with the sentence. The defendant
complied with the sentence after having taken a fruitless
appeal to the Superior Court (Com. v. Wibner, 73 Pa.
Superior Ct. 349). About a year after the last payment
was made as directed by the court, the mother of the
child presented a petition in the same court setting forth
her inability to properly maintain her child and praying
for an order on the appellant for the payment of "fur-
ther support" for the child. On this petition a rule to
show cause was granted July 18, 1924, to which rule an
answer was filed denying further liability. On Decem-
ber 4, 1924, the court ordered and directed that the ap-
pellant pay the mother of the child for the support of
the latter $7.50 per week for a period of three years from
the date of the order, and that he file a bond in the sum
of $300 with surety for compliance with the order, from
which action of the court this appeal was taken. The
first position of the appellant is that the second order
came too late, having been entered after the end of
the term in which the original sentence was imposed;
the second is that by full compliance with the original
judgment, the plaintiff was relieved from further re-
sponsibility on the charge preferred. It is clear that the
defendant's liability must be found in the statute re-
ferred to. His offense was declared to be a misdemeanor
subject to fine or imprisonment or both, and having paid
the penalty involved in the sentence, he was exempt from
further liability on the same conviction on familiar prin-
ciples unless the fourth section of the statute extends
the power of the court so that further proceedings may
be had, notwithstanding the fact that the defendant had
undergone the penalty which the law imposed on him
under the sentence. The section referred to provides
that before the trial, with the consent of the defendant
endorsed on the bill of indictment, or at the trial on en-
try of the plea of guilty, or after conviction "instead of

270, (1925).]          Opinion of the Court.

imposing the fine herein provided, or in addition there-
to, the court in its discretion, having regard to the cir-
cumstances and to the financial ability and earning
capacity of the defendant, shall have the power to make
an order, which shall be subject to change by the court,
from time to time, as circumstances may require, direct-
ing the defendant to pay a certain sum periodically, for
such time and to such person as the court may direct."
In the appellant's case there was a conviction, the im-
posing of a fine and "in addition thereto an order for the
payment of a certain sum periodically for a definite pe-
riod." It is clear that if there were nothing more, on the
undisputed facts the defendant met the demand of the
law and was thereby discharged from further liability.
It is the contention of the Commonwealth, however, that
the words "which shall be subject to change by the court,
from time to time, as circumstances may require" should
be construed to enlarge the authority of the court of
quarter sessions to take cognizance of the condition of
the child and the necessity for support presumably dur-
ing the latter's minority, and to make successive orders
for support as the circumstances might suggest, and this
is the construction of the statute given by the learned
trial judge of the court below. A careful examination
of the language of the section leads us however to a dif-
ferent conclusion. The thing which shall be subject to
change by the court is the order made auxiliary to or a
part of the sentence imposed when the judgment of the
court was entered. The period during which that order
should be operative is left to the discretion of the court.
It may be a longer or a shorter period, and the order may
be modified from time to time as circumstances may re-
quire. The sum awarded might prove to be inadequate
or might be excessive under changed conditions, but we
are unable to find a provision in the section which au-
thorizes the court to take up the case again after the
original order has been complied with and in a new pro-
ceeding inquire as to the propriety of making another

order for maintenance. The statute is a criminal one and should be strictly construed. The order referred to if not a part of the fine is of a quasi criminal character and the jurisdiction of the court should clearly appear. Manifestly there is no warrant in the statute for such an order except as a part of the criminal proceeding. It is not an independent process for providing for the care of the child. The order of support may take the place of the fine, or it may be in addition to the fine. It is coupled up with the conviction or plea of guilty. It is a "change" of this order which the statute permits. We are unable to view the language in a light in which we could construe the word "change" taken with its context to empower the court, at a time long after the original sentence and order had been complied with, to renew the proceeding on a petition and reimpose a part of the penalty prescribed in the statute. The finality of judgments is a firmly established principle of the common law and any departure from it must have very clear support in the language of the statute. A study of the act under consideration constrains us to hold that it does not provide the method of procedure adopted by the Commonwealth in the case before us.

It is unnecessary to consider the appellant's position that the order complained of is invalid because made after the end of the term in which the defendant was tried. The Commonwealth does not assert such authority. The ground on which the proceeding was rested is that the statute authorizes a renewal of orders for support in the discretion of the court. We express no opinion, as to any other remedy that may be available in aid of an apparently worthy cause.

The second assignment is sustained and the judgment reversed.