## Commonwealth v. Yarnall

*Edward D. McLaughlin* and *Donald H. Hamilton*, for petitioner.

*E. A. Hemell*, for respondent.

SWENEY, J. March 14, 1946.—On January 4, 1944, defendant entered a plea of nollo contendere to a charge of fornication and bastardy and was sentenced by the writer hereof to pay a fine of $25, costs of prosecution, lying-in expenses of $305.57 and to pay $6 per week until further order of the court.

On November 23, 1945, relator, Mary Schmidt, mother of the child, filed her petition alleging that the

child was over two years of age; that $6 per week was insufficient support; that defendant was earning in excess of $100 per week and asking that the order be increased to $10 per week. Defendant filed answer to this petition, averring that the sentence imposed cannot now be changed, except to be discontinued and that the court is without authority to modify, increase or reduce the sentence after the term in which sentence was pronounced.

The law of Pennsylvania, by a long line of cases is well settled that a court may not increase, reduce, modify or change a sentence after the term at which it was imposed, unless the sentence imposed be vacated during the same term: Commonwealth ex rel. Billman v. Smith, 152 Pa. Superior Ct. 325; Commonwealth ex rel. Nagle v. Smith, 154 Pa. Superior Ct. 392.

In the instant case, defendant was sentenced under The Penal Code of June 24, 1939, P. L. 872, sec. 506, amended by the Act of May 21, 1943, P. L. 306, sec. 1, 18 PS §4506, which reads, inter alia, as follows:

"Such man [charged by an unmarried woman with being the father of her bastard child] being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, . . . and to give security, by one or more sureties, and in such sum as the court shall direct, to the institution district where such child was born, to perform such order for the maintenance of the said child, as the court shall direct."

The prosecution contends that, under this section and in view of the words "until further order of the court" appended to the court's order in this case, the court can modify the sentence as far as weekly payments are concerned. Prosecutrix also calls to the court's attention section 732 of the Act of June 24,

1939, P. L. 872, 18 PS §4732 (neglect to support bastard), which reads, inter alia, as follows:

". . . on entry of a plea of guilty, or after conviction, instead of imposing the fine herein provided, or in addition thereto, the court having regard to the circumstances and to the financial capacity of the defendant, may make an order, subject to change from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically, for such time and to such person as the court may direct."

We think it is clear that the legislature had in mind an entirely different sentence in the case of support for a bastard child than in a case of fornication and bastardy. Both sections are penal provisions and must be strictly construed. We feel that the wording of the support of bastard provision would have appeared in the fornication and bastardy section, if the legislature intended to increase the power of the court to change the sentence after the term in which sentence was imposed.

By the same token, although the writer may have had a different idea in his mind when he entered this sentence, the words "until further order of the court" can have no other meaning than the length of time that this order was to be paid. It gives the court no right to modify the weekly order.

Prosecutrix calls to our attention the case of Commonwealth v. Wibner, 85 Pa. Superior Ct. 270. We do not feel that this case is in point as it was a prosecution brought under the section covering failure to support a bastard.

## Decree

And now, March 14, 1946, it is ordered and decreed that the petition of prosecutrix praying for an increase in the weekly payments by defendant be, and it is hereby, dismissed.

An exception is allowed prosecutrix, Mary Schmidt.