## Commonwealth v. Marcinek

*R. V. Moser* and *Clair Groover*, for Commonwealth.
*John L. Pipa, Jr.*, for defendant.

FORTNEY, P. J., June 23, 1952. — Defendant, after being indicted on a charge of fornication and bastardy, waived his right to trial by jury and entered a plea of "not guilty" before the court.

At the hearing, prosecutrix testified that she is a resident of Coal Township, Northumberland County, Pa. As a result of sexual relations with defendant, in her home, on April 28, 1951, a male bastard child was born to her on January 26, 1952. Upon the conclusion of this testimony, defendant, who did not take the wit-

ness stand, moved the court to direct a verdict of not guilty on the charge of bastardy. The reasons assigned for this motion were that the transcript of the justice of the peace states that the child was born in the Southwestern General Hospital at El Paso, Tex., and that the testimony is entirely silent as to the place of the birth of the child. Hence the court is without jurisdiction.

Fornication and bastardy are two separate offenses and on the trial of an indictment charging them there may be an acquittal of the bastardy and a conviction of the fornication: Commonwealth v. Rednock, 165 Pa. Superior Ct. 536. The undenied testimony of prosecutrix herein meets the burden of establishing the guilt of defendant on the charge of fornication.

That the burden of proving the jurisdiction of the court to try the action of bastardy is on the Commonwealth is elemental. In this case, we have no actual testimony as to the place of birth of the child. A reference to the transcript of the justice of the peace discloses a statement that the child was born in the State of Texas. While the transcript is a part of the record in the case, it is not a substitute for testimony and has no particular evidential value.

The Commonwealth contends the legal settlement of the mother is in this county and since the act of fornication occurred here, this court has jurisdiction regardless of whether the child is born within or without the Commonwealth. To sustain their contention, they seem to rely upon the Act of June 24, 1939, P. L. 872, sec. 732, 18 PS §4372, which indicates a parent who wilfully neglects or refuses to contribute to the support and maintenance of a child born out of lawful wedlock may be compelled to do so or be punished for his refusal. This is so whether the child was born within or without of the Commonwealth. In discussing this section of the act of assembly, it is said in Common-

wealth v. Bertram, 143 Pa. Superior Ct. 1, 3 and 4:

"The misdemeanor created by the act is wilful neglect or refusal to support bastard children, a separate and distinct offense, and not fornication and bastardy. . . . Though in this case parentage is a distinct and essential element and must be strictly proven, the jurisdictional requirements of a prosecution for fornication and bastardy do not apply."

The Act of 1939, supra, sec. 506, as amended, 18 PS §4506, provides:

"If a bastard child is begotten out of the state, and born within the state, or begotten within one of the counties of this state and born in another, in the latter case the prosecution of the reputed father may be in the county where the bastard child was born or begotten, and like sentence shall be passed as if the child had been born and begotten in that county; and in the former case like sentence shall be passed, except the fine for fornication."

This was, in effect, a reënactment of section 38 of the Act of March 31, 1860, P. L. 392. In discussing this latter act, it was held in Commonwealth v. Losey, 79 Pa. Superior Ct. 75, 78, that it is the birth of the child within the State that renders the father liable to be prosecuted on the ground of his paternity of the child, and the jurisdiction is in the court of quarter sessions of the county where the child was born. Accordingly, we conclude this court is without jurisdiction to try defendant on the charge of bastardy and make the following order:

And now, June 23, 1952, defendant, Frank Marcinek, is adjudged guilty of fornication. The charge of bastardy against defendant is dismissed without prejudice. It is directed that the costs in the case be paid by defendant, Frank Marcinek. It is further directed that defendant present himself to this court for sentence on June 30, 1952.