## Commonwealth ex rel. Miller, Appellant, *v.* Ebbert.

Argued September 30, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Joseph H. Foster,* with him *Martin H. Philip,* for appellant.

*William H. Bayer,* for appellee.

*Leon Ehrlich,* Deputy Attorney General, with him *Joseph Cohen,* Deputy Attorney General, and *Thomas D. McBride,* Attorney General, for Commonwealth of Pennsylvania, amicus curiae.

OPINION BY HIRT, J., November 12, 1957:

On July 8, 1954, the defendant entered a plea of guilty to the charges of fornication and bastardy. The child, a boy, had been born to Grace Miller, the prosecutrix, on July 7, 1952. On October 22, 1954, he pleaded guilty to a second charge of fornication and bastardy on the complaint of the same Grace Miller, following the birth to her of another male child on August 23, 1954. In each instance the court sentenced the defendant (under the Act of June 24, 1939, P. L. 872, as last amended by the Act of September 28, 1951, P. L. 1543, 18 PS §4506) to pay a fine of $5, and $50 for lying-in expense incident to the birth of the child. In addition the court, at the same time and on each conviction, ordered the defendant to pay $2 per week

for the future support of the child until it attains the age of sixteen years. The sentences and both support orders have been literally complied with by the defendant according to their terms.

The 1951 amendment, supra, contains this provision: "After a hearing on the petition of any interested party, such order for the maintenance of such child may be increased or decreased from time to time by said court before or after the expiration of the term at which such man was sentenced." On the authority of that section of the amendment Grace Miller on February 14, 1955 petitioned the court to increase each of the orders to an amount sufficient to provide for the support of the child. After hearing, the rules granted on both petitions were discharged by the lower court on March 17, 1955. These appeals are from that order.

The support order in the one case was entered on July 8, 1954. In the second case the order was made on October 22, 1954. The fact however that the prosecutrix did not appeal from either of the orders is no bar to the present proceeding, questioning their amount. In only a rare instance would the mother in a bastardy proceeding be in position to appeal from the order for the support of her child. And one of the purposes of the 1951 amendment was to obviate the necessity for appeal, under circumstances such as are here present. Counsel have admitted that the orders for support in each of these cases was made in the trivial and manifestly inadequate amount of $2 per week as a matter of routine in accordance with the fixed practice in Carbon County in such proceedings. Moreover this action was brought in the name of the Commonwealth which through the Department of Public Assistance has been paying a total of $18.60 per month from public funds to apply on the cost of

maintaining the two children. Accordingly, since it has been called upon to pay, the Commonwealth is a party in interest in these appeals. No testimony was taken nor inquiry had as to the financial ability of the defendant at the time of the original orders and for that reason the rule requiring a change in circumstances, as a basis for an increase in support proceeding, has no application.

The mother of these illegitimate children lives with her father and maintains a home for him, in exchange for her keep. She is not otherwise employed. The lower court stated, as one of the reasons for the orders: "The Prosecutrix who is equally responsible with the Defendant for the birth of these illegitimate children, may be able to obtain work where she could earn substantially more than she is receiving as a housekeeper for her father, namely, the cost of board and maintenance for herself and her two (2) children . . . consequently, she should bear a share in the financial responsibility for the support of these two (2) illegitimate children." Apart from the fact that there is no evidence that the prosecutrix has other resources or that she is employable and could supplement the support received under the orders, a sufficient answer to the above statement is that the "equal guilt" theory adopted by the lower court is not relevant to the underlying issue involved. The second ground assigned by the court in support of its order was the limited financial resources of the defendant over and above the amount necessary for the support of his wife and their one child. Appellee's argument to the same effect loses much of its force in the light of the facts. Defendant, when already liable for the support of his two illegitimate children assumed additional financial responsibility by marrying his present wife on March 4, 1955, the very day of the hearing on the petition

for increases in the support orders. In addition, *after* the first hearing on the present petition, he traded his 1953 automobile of a value of $1,530 for a 1955 model and obligated himself to pay the remaining purchase price of $1,030 in monthly instalments of $40.25 each. The Commonwealth has filed a brief as amicus curiae. And there is considerable force to the argument that he should not have incurred this liability at the expense of the children and of the Commonwealth while liable for their support as public charges.

The controlling if not the only consideration in the issues raised by the petitions is the defendant's present financial ability. Cf. 7 Am. Jur., Bastards, §122. We are convinced that he should be required to pay more. In addition to his present weekly earnings he had a savings account in a bank showing a substantial, though moderate balance at the time of hearing. He has additional earning power over and above his wages as is indicated by the fact that over a considerable period prior to his marriage he earned $20 per week in other part-time employment. Accordingly we are of the opinion that there was a clear abuse of discretion by the lower court which requires a remand of these cases in which the ability of the defendant to pay can be definitely determined in a further hearing after notice to the parties in interest.

The orders are reversed; the rules on relatrix's petition are reinstated for determination of the increased support which the defendant shall pay consistent with his financial resources, in justice to the Commonwealth, to the relatrix, and with consideration for the welfare of the children involved.