Commonwealth *v.* Pewatts, Appellant.

Argued November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Hymen Schlesinger,* with him *M. Y. Steinberg,* for appellant.

*George E. Loebig,* for appellee.

OPINION BY MONTGOMERY, J., December 12, 1962:

This is an appeal from an order of the County Court of Allegheny County directing the appellant to pay $10 per week for the support of his illegitimate child, then fourteen years of age. Jurisdiction of the matter was taken under the Allegheny County Court Act of 1911, P.L. 198, as amended, 17 P.S. 626(pp), providing for the County Court to take jurisdiction "(g) In all cases involving the support of a child born out of wedlock, where the father admits parentage, and where he is willing to support the child." We have no difficulty in arriving at the same conclusion arrived at by the lower court, that the Legislature intended to give jurisdiction whenever the putative father admitted parenthood or where the alleged putative father was willing to support a bastard child, on the analysis of the law made by the lower court. We do note, however, that in the amending Acts of 1945, P.L. 184, and 1951, P.L. 1066, as well as the record of same in Purdon's Digest of Statutes, 17 P.S. 626(pp), there is a comma after the word "parentage" and before the word "and" as shown above, which comma is omitted in appellant's recital of the act in his brief.

Admittedly, appellant did not express a willingness to support the child when he appeared before the County Court. However, he admitted parenthood, which gave the County Court jurisdiction of the matter. He defends the action by showing full compliance with an order of the Quarter Sessions Court in a fornication and bastardy proceeding involving the same child, which provided for its maintenance until it reached the age of fourteen. That order terminated on January 25, 1961, from which date he has made no contribution. What we are required to determine is the effect of that order.

Under section 506 of The Penal Code of 1939, June 24, P.L. 872, as amended, 18 P.S. 4506, as it existed at the time of appellant's prosecution in the Quarter Sessions Court, as well as thereafter, fornication is made a misdemeanor subject to a fine of one hundred dollars ($100); and when a child is born a separate crime known as "fornication and bastardy" or simply "bastardy", is committed. *Commonwealth ex rel. Roberts v. Keenan,* 170 Pa. Superior Ct. 282, 85 A. 2d 678; *Commonwealth v. Rednock,* 165 Pa. Superior Ct. 536, 69 A. 2d 447; *Commonwealth v. Bertram,* 143 Pa. Superior Ct. 1, 16 A. 2d 758. An additional sentence is provided for that crime, viz., the payment of the expenses of the birth and maintenance of the child, and its burial should it have died.

Section 732 of the 1939 Penal Code, 18 P.S. 4732, also imposes on the putative father the obligation to support his child born out of wedlock. We have interpreted a provision under the Act of 1917, P.L. 773, as amended, similar to section 732, as establishing a separate crime not barred by a previous conviction for the crime of fornication and bastardy involving the same child. *Commonwealth v. Susanek,* 88 Pa. Superior Ct. 428; *Commonwealth v. Harry J. Morningstar,* 82 Pa. Superior Ct. 425; *Commonwealth v. Wibner,* 73

Pa. Superior Ct. 349. However, by the specific provision of section 732, proceedings under it are suspended "Whenever a parent is paying for the support of a child, under an order of court made in any other proceeding, civil, criminal, or quasi-criminal . . . unles he has failed to obey such order of court." The offense under section 732 is committed at the time the putative parent ceases to support his child. The present appellant ceased to pay for the support of his child when it reached the age of fourteen. In *Commonwealth v. Harry J. Morningstar,* supra, a conviction under this statute was sustained although the defendant had previously been released under the insolvency law from an order made in a fornication and bastardy case directing him to pay support for his child.

The purpose of section 732 is well stated by Judge HIRT, at page 3, in *Commonwealth v. Bertram,* supra, "The act, in accordance with the modern trend, was designed to ameliorate the injustice of the common law in relation to the status and rights of illegitimate children, and to convert the moral duty of the father into a legal obligation to provide for their support and maintenance."

Although the Quarter Sessions Court, in the fornication and bastardy proceeding, might have altered its original sentence as it was privileged to do under the amendment of 1951, September 28, P.L. 1543, 18 P.S. 4506(pp), we place no significance on the fact that it did not do so in resolving the present issue. There is no overlapping of the order of the Quarter Sessions Court with that of the County Court.

Recently, in *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa. Superior Ct. 115, 184 A. 2d 291, and *Commonwealth v. Martin,* 196 Pa. Superior Ct. 355, 175 A. 2d 138, we recognized the father's obligation to support his children and recognized that there are no

established limits to that obligation.[1]  In each case the limits are determined by the property, income and earning capacity of the father, and the condition or station in life of the family.  Although those cases involved legitimate children, we find no arbitrary distinction in the law as it relates to illegitimate children, except as indicated in footnote 1.  Therefore, although the order of the Quarter Sessions Court in the fornication and bastardy proceeding did not provide for support beyond the fourteenth birthday of the appellant's child, such order would not have the effect of terminating as of that date appellant's obligation to his child.  It would be unreasonable to say that the court, making an order of such nature shortly after the birth of the child, could foresee its needs or its father's capacity to pay in the then distant future.  We do not decide to what extent the Quarter Sessions Court could have enlarged or extended its original order under the 1951 amendment.  We decide merely that the present proceeding is distinct from the fornication and bastardy proceeding and is not barred by it.  Section 732 is not a supplement to section 506.  *Commonwealth v. Bertram,* supra.

We have discussed section 506 and section 732 to emphasize the law's recognizance of the obligation of putative fathers to support children born out of wedlock, fully recognizing that both sections are punitive in nature.  Nevertheless, these sections establish the obligation.  Section 731, relating to legitimate children, is likewise punitive; but in connection with it the Legislature established an additional summary

---

[1] Section 731 (18 P.S. 4731) limits prosecutions under it to cases of children under sixteen and others under twenty-one who are infirm or incapable of supporting themselves, but there is no such limitation in section 732.  However, we need not decide the effect of this limitation since the child in this case is fourteen.

proceeding to facilitate the procurement of support by the neglected and abandoned wife and children. Section 733, 18 P.S. 4733.

Jurisdiction in such proceedings was transferred from the Quarter Sessions Court of Allegheny County to the County Court of said County by the County Court Act of 1911, May 5, P.L. 198, §6, 17 P.S. 626(b). *Kemnitzer v. Kemnitzer*, 335 Pa. 105, 6 A. 2d 571; *Commonwealth ex rel. v. Speer*, 267 Pa. 129, 110 A. 268. However, prior to the Act of 1945, 17 P.S. 626(pp), no summary proceeding existed for securing an order for support of illegitimate children; and when the Legislature decided to establish one in those cases where the putative father expressed a willingness to pay or where he admitted parenthood, it established that proceeding directly under the jurisdiction of the County Court of Allegheny County rather than initially under the jurisdiction of the Quarter Sessions Court with a subsequent transfer to the County Court, as was done in the case of section 731.

We find nothing unconstitutional with this arrangement, nor anything prejudicial to appellant. If an alleged putative father denies paternity and is unwilling to support the child, the County Court has no jurisdiction to determine support. If he expresses a willingness to pay, the action of the court is perfunctory and the matter of paternity need not be decided. However, if he admits paternity but expresses an unwillingness to pay, he is not deprived of his other defenses. He may establish lack of capacity to pay, voluntary payment of reasonable support, release by mother, *Com. v. Patterson*, 106 Pa. Superior Ct. 433, 162 A. 477, and such other matters as would prevent his conviction under the punitive provision of section 732; and furthermore, his payment of an order entered by the County Court would prevent his prosecution under said section.

There is no double jeopardy, retroactive, cruel or unusual punishment as a result of this proceeding, as contended by appellant.

Order affirmed.