## Commonwealth ex rel. Miller v. Ebbert

*Martin H. Philip*, for Commonwealth.

*William H. Bayer*, for defendant.

HEIMBACH, P. J., June 21, 1967.—On July 8, 1954, and October 22, 1954, the above-named defendant pleaded guilty to charges of fornication and bastardy and was, inter alia, sentenced in each case to pay $2 per week (since modified) for the support of the child until it reaches the age of 16 years.

One of the children, Stephen Miller, will reach the age of 16 years on July 7, 1968. The other child, Terry P. Miller, will reach the age of 16 years on September 23, 1970. Both children continue to be unemployed and completely dependent on others (presently defendant and their mother) for support, and such

status is expected to continue for an indeterminate time.

We have before us, on behalf of the mother prosecutrix, a motion to make absolute the rule to show cause why the phrase in each of the sentences of the court, viz., "until it attains the age of sixteen years", should not be amended to read: "until such time as the child shall be self-sustaining".

Our first task is to decide whether the termination date of the original sentence may be extended.

Defendant was indicted under the Act of June 24, 1939, P. L. 872, sec. 506; May 21, 1943, P. L. 306, sec. 1; September 28, 1951, P. L. 1543, sec. 1, 18 PS §4506, which, inter alia, provides, upon conviction or a plea of guilty, that the defendant shall be sentenced to pay the expenses incurred at the birth of such child, and to perform such order for the maintenance of the said child, as the court shall direct.

After a hearing on the petition of any interested party, such order for the maintenance of such child may be increased or decreased from time to time by said court before or after the expiration of the term at which such man was sentenced.

Defendant recognizes (Commonwealth ex rel. Miller v. Ebbert, 184 Pa. Superior Ct. 578) that the order for maintenance may be modified after its original imposition, but contends the modification of an order for maintenance is limited in its application to the increase or decrease of maintenance orders during the original period imposed; in this case up to and until the child is 16 years of age. He says the period imposed for the operation of the order of maintenance is an integral part of the original sentence and, not having been appealed, such part of the sentence may not now be altered or modified.

Prior to the 1951 amendment of the Act of 1939, supra, the order for maintenance and the period es-

tablished for the operation of such order was left to the judgment of the court at the time of sentence: Addis v. Commonwealth, 4 Binney 541. Such order was considered a part of the sentence (Commonwealth v. Moran, 58 Pa. Superior Ct. 362 (1914)), and after expiration of term, the court was without power to alter, interfere or change the sentence so imposed: Commonwealth v. Vespaziani, 6 D. & C. 2d 43 (1956); Commonwealth v. Schaffer, 28 Erie 246 (1943); Commonwealth v. Yarnall, 57 D. & C. 214 (1946).

We are not without aid in determining the question before us.

In Commonwealth v. Wibner, 85 Pa. Superior Ct. 270, although holding in a bastardy support proceedings brought under the Act of July 11, 1917, P. L. 733,[1] enacted without substantial change as section 732 of The Penal Code of 1939, 18 PS 4732, the court lacked authority to change an order for support in a proceeding brought after the termination date imposed by the court in the original sentence had passed, the court said, in the way of dictum, at page 273:

"The thing which shall be subject to change by the court is the order made auxiliary to or a part of the sentence imposed when the judgment of the court was entered. The period during which that order should be operative is left to the discretion of the court. It may be a longer or a shorter period, and the order may be modified from time to time as circum-

---

[1] The section referred to provides that before the trial, with the consent of the defendant endorsed on the bill of indictment, or at the trial on entry of the plea of guilty, or after conviction "instead of imposing the fine herein provided, or in addition thereto, the court in its discretion, having regard to the circumstances and to the financial ability and earning capacity of the defendant, shall have the power to make an order, which shall be subject to change by the court, from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically, for such time and to such person as the court may direct".

stances may require. The sum awarded might prove to be inadequate or might be excessive under changed conditions . . ."

In Commonwealth v. Pewatts, 200 Pa. Superior Ct. 22, defendant was charged with failing to support a bastard child under section 732 of The Penal Code, supra. The propriety of the prosecution was sustained, notwithstanding defendant had fully complied with a sentence and order for support imposed in a fornication and bastardy proceeding brought under section 506 of The Penal Code, supra, involving the same child. The prosecution was brought after the termination date of the order for maintenance in the fornication and bastardy sentence. The court rejected the defense of compliance with such fornication and bastardy order.

The statement of the court, at page 26, although dicta, indicates its thinking on the question before us, viz.:

"Although the Quarter Sessions Court, in the fornication and bastardy proceeding, might have altered its original sentence as it was privileged to do under the amendment of 1951, September 28, P. L. 1543, 18 P.S. 4506,[2] (pp), we place no significance on the fact that it did not do so in resolving the present issue".

We are of the opinion that a careful reading of the 1951 amendment authorizes the altering of the termination date imposed in the original sentence, upon a showing of a further need of support for the unemancipated minor. We do not decide, as being unnecessary, whether modification of an order could be made

---

[2] Query—whether this is a correct statement, since sentence was imposed before the amendment of 1951, unlike the instant case where sentence was imposed after the 1951 amendment (Commonwealth v. Vespaziani, supra) and proceedings were brought for modification after the termination date: Commonwealth v. Wibner, supra.

if proceedings were commenced for the first time after the termination date of the original sentence.

Section 506, 18 PS §4506, of The Penal Code, provides: "Whoever commits fornication, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one hundred dollars ($100), for the use of the institution district where the offense was committed.

"It shall be sufficient to convict an unmarried woman to show that a child was born of her body.

"Any man charged by an unmarried woman with being the father of her bastard child, shall be the reputed father and if she persists in the charge in the time of her extremity of labor, or afterwards in open court, the same shall be given in evidence in order to convict such person of fornication. Such man, being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, and if such child is born dead, or shall die during the continuance of the order for the maintenance of said child, to also pay the reasonable funeral expenses thereof, and to give security, by one or more sureties, and in such sum as the court shall direct, to the institution district where such child was born, to perform such order for the maintenance of the said child, as the court shall direct.

"After a hearing on the petition of any interested party, such order for the maintenance of such child may be increased or decreased from time to time by said court before or after the expiration of the term at which such man was sentenced . . ."

It is to be noted that the provision for maintenance is found in the sentence "to perform such order for the maintenance of the said child as the court shall direct". Immediately thereafter, i. e., the succeeding paragraph promulgated in the 1951 amendment, is the phrase "After a hearing on the petition of any in-

terested party, *such order for the maintenance of such child* may be increased or decreased", etc. It is to be noted that the amendment of 1951 refers to and is inclusive of all of that part of the sentence that pertains to maintenance, without restriction as to time. (Italics supplied.)

We conclude the legislature intended the 1951 amendment to section 506 would provide the necessary machinery to meet changing maintenance conditions which might arise after the imposition of the original order. In this connection, what was said by the court in Commonwealth v. Pewatts, supra, is apposite:

"Recently, in Commonwealth ex rel. O'Hey v. McCurdy, 199 Pa. Superior Ct. 115, 184 A. 2d 291, and Commonwealth v. Martin, 196 Pa. Superior Ct. 355, 175 A. 2d 138, we recognized the father's obligation to support his children and recognized that there are no established limits to that obligation. In each case the limits are determined by the property, income and earning capacity of the father, and the condition or station in life of the family. Although those cases involved legitimate children, we find no arbitrary distinction in the law as it relates to illegitimate children. . . . Therefore, although the order of the Quarter Sessions Court in the fornication and bastardy proceeding did not provide for support beyond the fourteenth birthday of the appellant's child, such order would not have the effect of terminating as of that date appellant's obligation to his child. It would be unreasonable to say that the court, making an order of such nature shortly after the birth of the child, could foresee its needs or its father's capacity to pay in the then distant future".

We recently modified the maintenance order in each case to provide for the payment of $50 per month for each child. We are aware that both children are

dependent minors and in need of further support. Although modification of orders should be predicated on immediate needs, and in this case (the termination date of the older child is July 7, 1968, and of the younger child August 23, 1970) there is no such need, nevertheless, to avoid the necessity of a further proceeding, the order we will make will include extended termination dates in both cases.

It is our opinion that orders for maintenance under section 506, supra, being criminal in nature, should be definite in amount and as to time, notwithstanding the provision for modification of the sentence after term. For this reason, we will not amend the order as prayed for. We do, however, enter the following:

### ORDER

Now, to wit, June 21, 1967, in the cases of Commonwealth v. Jack Ebbert, October sessions, 1954, nos. 11 and 12, that part of the sentences which provides "until it attains the age of sixteen years", is modified to provide: "Until it attains the age of eighteen years or is self-supporting, whichever event occurs first. In the event that such child, by reason of infirmity, is incapable of supporting itself, then to the age of twenty-one years".