## Commonwealth, Appellant, v. Shook.

Argued November 13, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Joseph J. Nelson,* Assistant District Attorney, with him *Edward M. Bell,* District Attorney, for Commonwealth, appellant.

*Henry M. Ekker,* with him *Cusick, Madden, Joyce, Acker & McKay,* for appellee.

OPINION BY JACOBS, J., December 14, 1967:

The sole issue in this case is whether a defendant who resides in Pennsylvania can be tried for bastardy under Section 506 of The Penal Code, Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §4506, when the child was born outside Pennsylvania to a nonresident prosecutrix. The lower court held that he could not. We affirm.

The prosecutrix in this case being an unmarried woman, on September 29, 1965 filed an information before a justice of the peace in Mercer County charging the appellee with fornication and being the father of her unborn child. At that time and at the time of the alleged fornication prosecutrix resided in Pennsylvania. In November, 1965 she moved to Chicago, Illinois, and the child was born there on January 18, 1966. Shortly thereafter the grand jury of Mercer County indicted the appellee on a charge of fornication and bastardy under Section 506 of The Penal Code. After a jury trial at which the appellee was convicted on both charges the court below granted arrest of judgment of the bastardy conviction on the ground that Pennsylvania lacked jurisdiction because the child was born in another state. The Commonwealth appeals.

The Commonwealth has seen fit to bring this action in the form of a prosecution under Section 506 of The Penal Code. Section 506 provides in its entirety as follows:

"Whoever commits fornication, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one hundred dollars ($100), for the use of the institution district where the offense was committed.

"It shall be sufficient to convict an unmarried woman to show that a child was born of her body.

"Any man charged by an unmarried woman with being the father of her bastard child, shall be the reputed father and if she persists in the charge in the time of her extremity of labor, or afterwards in open court, the same shall be given in evidence in order to convict such person of fornication. Such man, being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, and if such child is born dead, or shall die during the continuance of the order for the mainte-

nance of said child, to also pay the reasonable funeral expenses thereof, and to give security, by one or more sureties, and in such sum as the court shall direct, to the institution district where such child was born, to perform such order for the maintenance of the said child, as the court shall direct.

"After a hearing on the petition of any interested party, such order for the maintenance of such child may be increased or decreased from time to time by said court before or after the expiration of the term at which such man was sentenced.

"If a bastard child is begotten out of the State, and born within the State, or begotten within one of the counties of this State and born in another, in the latter case the prosecution of the reputed father may be in the county where the bastard child was born or begotten, and like sentence shall be passed as if the child had been born and begotten in that county; and in the former case like sentence shall be passed, except the fine for fornication."

Although it has been said that bastardy proceedings are in certain respects more civil than criminal in nature[1], here a criminal proceeding to determine paternity has been brought under Section 506 of The Penal Code. For certain purposes we have recognized that fornication and bastardy are two offenses, *Commonwealth v. Rednock,* 165 Pa. Superior Ct. 536, 69 A. 2d 447 (1949). Normally a crime can be punished only within the state where it is committed. *Commonwealth v. Kunzmann,* 41 Pa. 429 (1862). Since the defendant's child was born in Illinois, at least superficially Illinois would seem to have jurisdiction of the bastardy offense. Whether or not Pennsylvania courts have jurisdiction

---

[1] See *Commonwealth ex rel. Miller v. Dillworth,* 204 Pa. Superior Ct. 420, 205 A. 2d 111 (1964) (now pending on allocatur before the Supreme Court) ; *Commonwealth v. Luciano,* 205 Pa. Superior Ct. 397, 208 A. 2d 881 (1965).

in this case depends upon a construction of Section 506.

Section 1104 of The Penal Code, 18 P.S. §5104, provides that: "In all cases where a remedy is provided or duty enjoined, or any thing directed to be done by the penal provisions of any act of assembly, the direction of said act shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act into effect." Section 58 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §558, calls for the strict construction of the penal provisions of a law.

The penal nature of Section 506 of The Penal Code in regard to bastardy is apparent from its wording. It provides that anyone who commits fornication is guilty of a misdemeanor and upon conviction shall be sentenced to pay a fine and if found to be the father of the prosecutrix's bastard child "shall be sentenced in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, . . . and to give security, . . . to perform such order for the maintenance of the said child, as the court shall direct."

Clearly the legislature in the use of the word "sentence" contemplated a judgment in a criminal proceeding, not an order in a civil matter. The order for maintenance is the legal consequence of being found guilty of fornication resulting in bastardy and is, under this statute, made a criminal penalty. In *Commonwealth v. Pewatts*, 200 Pa. Superior Ct. 22, 186 A. 2d 408 (1962) we recognized that Section 506 is punitive.

We conclude that Section 506 of The Penal Code is penal in nature and as such must be strictly construed. *Commonwealth v. Derstine*, 418 Pa. 186, 210 A. 2d 266 (1965) ; *Commonwealth v. Glover*, 397 Pa. 543, 156 A. 2d 114 (1959).

A consideration of Section 506 convinces us that it was not intended to cover the prosecution of the father of a child born outside the Commonwealth. It refers to security to be given, in pursuance of court order, to the institution district *where the child was born*. This language clearly contemplates that the birth occurred in Pennsylvania. The last paragraph enumerates the venue of the various county courts in Pennsylvania. It covers the situation of a child begotten in one county and born in another, and the situation of a child begotten outside Pennsylvania and born in Pennsylvania. It makes no mention of venue or jurisdiction when the child is born outside Pennsylvania. In fact the statute recognizes that fornication and bastardy constitute two offenses and that the Pennsylvania courts lack jurisdiction of the fornication when the same occurs outside Pennsylvania even though the child was born here. To interpret this statute as giving jurisdiction to Pennsylvania over bastardy cases where the child is born in a foreign jurisdiction would be interpreting a penal statute in favor of the Commonwealth. On the contrary such a statute must be construed in favor of life and liberty. *Commonwealth v. Exler*, 243 Pa. 155, 89 A. 968 (1914).

Our decision on jurisdiction in bastardy cases must be limited strictly to the section of The Penal Code involved. Filiation and bastardy proceedings to compel the support of a bastard child can and should be brought in the state of the domicile of the father. Restatement, Conflict of Laws, §455. In recognition of the propriety of exerting such jurisdiction Pennsylvania has enacted Section 732 of The Penal Code, 18 P.S. §4732. Section 732 makes it a misdemeanor to wilfully neglect or refuse to support a bastard child. Although neglect to support is a separate offense from fornication and bastardy, it provides for an order of support for the child and gives the prosecutrix an ade-

quate remedy. It has been held that the jurisdictional requirements of Section 506 do not apply to Section 732 and that a father resident in Pennsylvania may be prosecuted for failure to provide for the support of a child begotten, born and residing in another state. *Commonwealth v. Bertram,* 143 Pa. Superior Ct. 1, 16 A. 2d 758 (1940). A fortiori, he can be compelled under Section 732 to support a child begotten in Pennsylvania. Furthermore the proceedings in this case are no bar to a prosecution under Section 732 which may be brought at any time within two years after the baby was born if in fact the appellee has failed to support the child. *Commonwealth v. Dudenhoeffer,* 105 Pa. Superior Ct. 254, 161 A. 426 (1932) ; *Commonwealth v. Gottschall,* 17 Berks 114 (1924).

No appellate court in Pennsylvania has passed directly on the issue raised in this case. However, a number of lower courts have construed either Section 506 or the substantially similar provisions of The Penal Code of 1860 and have come to the same conclusion as did the lower court in this case. See *Commonwealth v. Walker,* 2 Pa. Dist. 727 (1893) ; *Commonwealth v. Bostwick,* 5 Pa. Dist. 120 (1895) ; *Commonwealth v. Marcinek,* 82 Pa. D. & C. 341 (1952), and *Commonwealth v. Kraus,* 26 Beaver 181 (1965). No lower court decisions to the contrary have been cited to us nor has our research revealed any.

Order affirmed without prejudice to the right of the prosecutrix to bring a prosecution for neglect to support a bastard child under Section 732 of The Penal Code.