Opinion by
Hanntjm, J.,
We have four appeals by the relatrix from two separate orders in.each of two cases, modifying orders entered for the support of two illegitimate children, following the conviction of the appellee in fornication and bastardy cases in 1954. In two of the appeals, the relatrix contends that the revised order is still inadequate and should have been made retroactive to the date of the filing of her petition for modification, and in the other two appeals, she complains that, although the court below modified the term of the sentence, it should have made the orders effective until the children become self-supporting.
On July 8, 1954, defendant, Jack Ebbert, entered a plea of guilty to the charges of fornication and bastardy. The child, Stephen Miller, had been born to Grace Miller Marshall, the prosecutrix, on July 7, 1952. On October 22, 1954, defendant Ebbert pleaded guilty to a second charge of fornication and bastardy on the complaint of the same Grace Miller, following the birth to her of Terry P. Miller on September 23, 1954. Initially, the lower court sentenced defendant to pay $2.00 per week for future support of each child.
These orders were appealed and on November 12, 1957, we reversed said orders in the case of Commonwealth ex rel. Miller v. Ebbert, 184 Pa. Superior Ct. 578, 135 A. 2d 826 (1957), holding that the court below abused its discretion in setting a $2.00 per week support order for each child and we directed that a determination of increased support should be made which would require the defendant to pay a sum consistent with his financial resources. .
On June 27, 1960, two and one-half years after this reversal, and after a number of written requests by counsel for prosecutrix, a hearing was finally held by the court below. Recognizing the delay, the court final *556 ly entered retroactive orders requiring tlie defendant to pay $5.00 a week on account of the support of each child until it attained the age of sixteen years.
No appeal was taken and defendant has paid the $5.00 support as ordered by the court.
After fathering these illegitimate children, defendant married, and between 1960 and 1964 he and his wife moved to Kansas City, Missouri. His salary had increased substantially and he was making at least $692.00 per month. Prosecutrix therefore filed petitions for modifications of the support orders. These petitions were filed on September 11, 1964.
In addition, petitions for the modification of the sentence were filed on May 15, 1967. The prayer of these petitions was to extend the sentence and to direct defendant to pay support after the children reached age sixteen and until they became self-sustaining.
Although the petition to increase support was filed on September 11, 1964, for various reasons the hearing thereon was not held until May 8, 1967, over two and one-half years later.
On May 8, 1967 the court below entered orders increasing the support to be paid each child to $50.00 per month. These orders were reaffirmed June 22, 1967. It refused to make the orders effective from the time the petition was filed. Appeals at Nos. 779 and 780 October Term, 1967, were taken from those orders.
On June 21, 1967, the court below entered orders modifying the sentences as follows: “Until it attains the age of eighteen years or is self-supporting, whichever event occurs first. In the event that such child, by reason of infirmity, is incapable of supporting itself, then to the age of twenty-one years”.
Appeals at Nos. 983 and 984 October Term, 1967, were taken from the subsequent orders.
The appellee did not furnish a brief and did not appear to argue the case.
*557 We will first consider the appellant’s contention that the orders of $50.00 a month for each child or a total of $100.00 a month are inadequate. The testimony of the appellee, who was called as on cross-examination, showed that his household consists of his wife, whom he married thirteen years ago, a stepdaughter, now eighteen years of age who is presently attending college, his son, who is now twelve years of age, and his mother-in-law. His gross earnings are $692.00 per month with a take-home pay of $490.00 a month. He itemized monthly expenses of $574.00 a month, plus monthly payments on loans of $71.00.
The defendant’s wife is also employed but the court below determined that the evidence of her earnings was irrelevant and immaterial and refused to consider it. In Commonwealth ex rel. Decker v. Decker, 204 Pa. Superior Ct. 156, 203 A. 2d 343 (1964), we said: “The hearing judge said he was not taking her wages into consideration. This was error. In setting the amount of a support order, the court must consider a wife’s separate earnings as one of the relevant circumstances. Commonwealth ex rel. Borrow v. Borrow, 199 Pa. Superior Ct. 592, 595, 185 A. 2d 605 (1962)”. (Italics in the original.) See also Commonwealth ex rel. Larsen v. Larsen, 211 Pa. Superior Ct. 30, 234 A. 2d 18 (1967).
It is true that the above cases involved desertion and nonsupport rather than an order following a conviction of fornication and bastardy. We hold that the same principle is applicable. In a similar situation in Commonwealth v. Pewatts, 200 Pa. Superior Ct. 22, 186 A. 2d 408 (1962), we said: “Although those cases involved legitimate children, we find no arbitrary distinction in the law as it relates to illegitimate children”. It is also true that in the Decker case, the Court was speaking of the earnings of the mother of *558 the child and not that of the defendant’s legal wife. Her earnings are in no way liable for the support of his illegitimate children, but, nevertheless, such earnings are a factor to be considered in determining the amount of a reasonable order based upon the defendant’s present financial ability. At least, it goes to the credibility of the defendant as to whether he is, himself, paying all the expenses which he listed. It follows that the record must be remanded to consider this and any other factors that the court below may consider relevant.
Although the petition for modification was filed on September 11, 1964, the hearing was not held until May 8, 1967. The court below refused to make its modified order retroactive. It was held in Commonwealth v. Shavinsky, 180 Pa. Superior Ct. 522, 119 A. 2d 819 (1956), that orders under §508 of the Act of June 24, 1939, P. L. 872, 18 PS §4506, the section here involved, could be made retroactive to the date of prosecution. However, there is no requirement that they must be made so. This is a matter for the sound discretion of the hearing judge. In the present case, Judge Heimbach stated: “We are not of the opinion that defendant’s present financial situation or earning capacity would permit having to make up any arrearages in addition to current support payments. Neither is there anything before us to indicate that the reason for the delay in the modification proceedings is the fault of the defendant under such circumstances that equitable principles might demand additional relief be given”. We can find no abuse of discretion with regard to this reasoning.
In addition to the petition for the modification of the amount of the orders, the appellant requested a modification of the term of the sentences, so that the phrase “until it attains the age of sixteen years” should *559 be amended to read “until sueb time as tbe child shall be self-sustaining.”
Judge Heimbach properly held that he could legally modify the term of the sentences, Commonwealth v. Pewatts, supra, but he did not go as far as requested by the appellant. He modified the orders to read, “until it attains the age of eighteen years or is self-supporting, whichever event occurs first. In the event that such child, by reason of infirmity, is incapable of supporting itself then to the age of twenty-one years”.
In our opinion, the above orders should be modified by deleting the last sentence thereof relating to infirmity because it is unnecessary.
It has always been the law in our Commonwealth that a support order for a child will continue indefinitely if the child is infirm. This is implicit in any support order. The order, as presently drafted, suggests, however, that it would, under no circumstances, extend beyond the age of twenty-one. It is also susceptible to the interpretation that if the child is infirm at age eighteen, the order will continue until he is twenty-one, even if the infirmity does not extend until that time.
It is true that such modification is not absolutely necessary at the present time, because support orders are always subject to amendment. We should not ignore the fact, however, that the parties in support actions are often unfamiliar with the practices and laws of our Courts and Commonwealth. By allowing the order to remain in its present form, we would create the risk that, in the future, the person entitled to support, or his representative, may be misled as to the full scope of rights available to him.
In No. 983 October Term, 1967 and No. 984 October Term, 1967, the orders of the court below are modified by striking out the words, “In the event that *560 such child, by reason of infirmity, is incapable of supporting itself, then to the age of twenty-one years”, and, as so modified, they are affirmed.
In No. 779 October Term, 1967 and No. 780 October Term, 1967 (being the appeals from the orders of May 8, 1967), the records are remanded to the court below for further proceedings in accordance with the foregoing opinion.
Jacobs, J., dissents and would affirm all four orders.