## Commonwealth v. Howzell

*James R. Freeman,* for Commonwealth.
*William H. Radebaugh,* for defendant.

GAWTHROP, P. J., November 19, 1970.—The Vehicle Code of April 29, 1959, P. L. 58, sec. 624(5), 75 PS §624(5), makes it unlawful "To make use of or operate any motor vehicle . . . without the knowledge or consent of the owner or custodian thereof." Defendant contends that in order to convict a passenger of making use of a vehicle, the Commonwealth must prove either (1) that he knew the vehicle was being operated by another without knowledge or consent of the owner, or (2) that the passenger was actually engaged in the operation of the car. There is no evidence of the latter. We

think, however, we are faced not only with the question of scienter but, at the outset, with interpretation of the legislative intent of the language "(t)o make use of." So far as we can determine, this is a case of first impression in Pennsylvania in that respect.

"Operator" is defined by the code, sec. 102, 75 PS §102, as: "Every natural person who is in actual physical control of a motor vehicle . . ." In the absence of other evidence, the operation of a vehicle signifies the affirmative exercise of actual control and not mere passive occupancy as a passenger. "To make use of " a vehicle as here provided signifies a different concept of use than operation of the vehicle, as for example, to store goods or property in it, but it nonetheless connotes affirmative, not mere passive, action in relation to it. A passenger's relationship to the vehicle, absent other evidence, is passive only. In our view, the legislature never intended the provision here involved to include a passenger who exercises no dominion whatever over the vehicle. Any other construction carried to its logical conclusion would make a casual hitchhiker or gratuitous rider who received a "lift" in a car operated by one who did not have the owner's consent a violator of section 624(5).

The provision here involved, being penal in nature, is to be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58(1), 46 PS §558(1). All doubts in such matters are to be resolved in favor of the accused: Commonwealth v. Exler, 243 Pa. 155; Commonwealth v. Shook, 211 Pa. Superior Ct. 413, 418. So construed, we think the language "(t)o make use of " was never intended by the legislature to include a mere passenger in a vehicle operated by another without consent of the owner or custodian. Where, as here, statutory language is not explicit, the mischief to be remedied and the object to be attained may be con-

sidered in ascertaining the intention of the legislature: Statutory Construction Act, supra, art. IV, sec. 51,46 PS §551. The purpose of the provisions here involved was to create an offense in circumstances where larceny could not be established because of inability to prove intent to deprive the owner *permanently* of his property or intent to convert the property *permanently* to the taker's own use. In short, it was designed to cover "joy ride" cases and those of making use of vehicles less than permanently. We think the mischief to be remedied and the object to be attained did not involve a mere passenger.

The Commonwealth cites Commonwealth v. Coleman, 147 N.E. 552 (Mass.) to the contrary. It was there held that a statute making it unlawful to "use a motor vehicle without authority" included a passenger who rode as a "passive invited guest," although innocent of any guilty intent and ignorant of the operator's lack of authority to use the car. That holding is not persuasive of our legislature's intent in enacting section 624(5), supra, especially since the Massachusetts statute was afterward amended to require a passenger's "knowledge that such use is unauthorized" to amount to a violation. In our view the construction given by the Supreme Court of Missouri to the words "make use of" as contained in an embezzlement statute is the more reasonable one. It was there held that the words "withhold," "appropriate" and "make use of" *all* implied the *exercise of dominion over* the funds which are the subject of embezzlement: Trice v. Lancaster, 270 S.W. 2d 519, 526. The Vehicle Code, sec. 624(5), should receive the same construction.

Even if the language under consideration should be thought to apply to a passenger, as opposed to one in actual physical control of a vehicle, we conclude for the reasons stated above that the legislature did not intend

it to apply to one who had no knowledge that the vehicle was being operated without knowledge or consent of its owner or custodian. Otherwise any innocent invited guest would at his own peril accept a gratuitous offer of a ride in an automobile and become subject to prosecution under sec. 624(5) of the code. This record is completely barren of evidence that defendant knew or had reason to know that the operator of the car was driving it without knowledge or consent of its owner or custodian, and we find on the evidence produced that he had no such knowledge of or reason to know that fact. For lack of such evidence his conviction may not stand: cf. Moyer Automobile License Case, 359 Pa. 536, construing section 622 of the code of 1929, and Commonwealth v. Gmuer, 11 Chester 77, construing section 626 of the present code.

And now, November 19, 1970, the motion in arrest of judgment is sustained and defendant's conviction is set aside.