Commonwealth, Appellant, *v.* Valeri.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Caram J. Abood*, District Attorney, for Commonwealth, appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:

On December 11, 1969, Mary Vanderwood gave birth out of wedlock to a child. On June 19, 1970, an Order was entered by the Court of Common Pleas, Criminal Division, of Cambria County, providing for the payment by the father, appellee Thomas E. Valeri, to Mary Vanderwood of costs, lying-in expenses, and support in the amount of thirty dollars per month. On December 12, 1975, Ms. Vanderwood filed a petition to increase the amount of support, which petition was denied on May 12,

1975. The Order denying the increase stated that the amount of thirty dollars per month had been imposed in the nature of a sentence, and as such could not be increased after the term at which the sentence had been imposed. We find that the lower court erred in finding that it had no power to increase the amount of support and in denying Ms. Vanderwood's petition on that ground.

The statute in effect at the time appellee was found guilty of adultery and bastardy was 18 P.S. §4506.[1] The statute provides:

" .... Any man charged by an unmarried woman with being the father of her bastard child, ... being thereof convicted, shall be sentenced ... to perform such order for the maintenance of the said child, as the court shall direct.

After a hearing on the petition of any interested party, such order for the maintenance of such child may be increased or decreased from time to time by said court before or after the expiration of the term at which such man was sentenced. ...."

This statute clearly gave the lower court the power to modify the original order and to increase the amount of support. Although the statute has been supplanted by 18 Pa.C.S. §4323, effective June 6, 1973, the same policy of requiring fathers of illegitimate children to support those children remains in effect.

Order reversed, and case remanded to the lower court for determination of an amount of support to be paid by appellee consonant with the child's welfare and best interests and with appellee's ability to pay. See *Commonwealth ex rel. Miller v. Ebbert*, 184 Pa. Superior Ct. 578, 135 A.2d 826 (1957).

---

1. Act of June 24, 1939, P.L. 872, last amended by Act of September 28, 1951, P.L. 1543.