## Commonwealth v. Sones

*Gailey C. Keller, District Attorney,* for Commonwealth.
*Michael J. Irey,* for defendant.

MYERS, *P.J.,* February 22, 1977 — On September 16, 1977, prosecutrix in this matter filed a criminal complaint charging defendant with neglect to support a child born out of wedlock in violation of the Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §4323. Defendant then filed a motion to quash, in which he asserts that this court is without jurisdiction to hear the matter, and that he was not afforded a prompt trial, as required by Pa.R.Crim.P. 1100.

We need not consider the Rule 1100 issue, since we find that we have no jurisdiction to proceed.

Under former law, Act of June 24, 1939, P.L. 872, as amended, 18 P.S. §4506, it was an offense to commit bastardy. A prosecution for a violation of section 4506 had to be brought in the county in which the bastard child was born. E.g., Commonwealth v. Shook, 211 Pa. Superior Ct. 413, 236 A. 2d 559 (1967).

However, 18 P.S. §4506 was repealed, and it has been replaced by the present 18 C.P.S.A. §4323, which makes it an offense to fail to support a bastard child. In determining jurisdiction under section 4323, it is irrelevant where the child was born or conceived. The offense occurs wherever the "failure to support" takes place.

In the instant case, the child was born in Columbia County. However, at the time that the complaint was filed, the child, prosecutrix, and defendant were all living in Sullivan County.

Accordingly, jurisdiction rests with the Sullivan County Court of Common Pleas. The motion to quash is therefore granted.

## ORDER OF COURT

And now, February 22, 1977, defendant's motion to quash is granted, and the case is dismissed. Costs to be paid by the County of Columbia.