## Commonwealth v. Stiner

*John R. Hoye* and *James T. Davis*, for Commonwealth.

*Joseph M. George*, for defendant.

ADAMS, *J.*, July 27, 1977—This matter is before the court en banc on post-trial motions by defendant for a new trial and/or in arrest of judgment. The court, by order dated May 4, 1977, refused the motions. This opinion is in support of that action.

Defendant was convicted on the charge of neglect to support by a jury. The court is of the opinion that the jury was warranted in making such finding.

In addition to the usual pro forma allegations, defendant has alleged three specific grounds in support of the motion for new trial. None have merit.

The first is an alleged error in failing to declare a mistrial when it was discovered that, at the end of the noon recess, one of the impaneled jurors had a brief conversation with the brother-in-law of the prosecutrix, with the latter also present as a non-participant. Examination of both the juror and Ms. Price was conducted, under oath, outside of the presence of the balance of the jury. This testimony disclosed that, while the juror recognized the prosecutrix, he had no knowledge of the identity of him with whom he conversed, nor of the man's relationship to Ms. Price. In addition, both the juror and Ms. Price testified that the conversation concerned a matter totally outside the scope of the case. As such, no manifest necessity for a mistrial was shown; no error was committed.

It is also argued that an error was made when during the charge, the trial judge failed to mention any of the cross-examination of the prosecutrix, which was favorable to defendant. However, the trial court, on at least two occasions during the charge, instructed the jury that it was their recollection of the testimony, and not that of counsel or the court, which controlled. See, transcript, pages 35 and 39. In the latter passage, it was specifically instructed that his omission of any of the prosecutrix's testimony was not to bind the jury. With such instructions, no error was made in the charge.

The final contention in the motion for new trial is that the charge to the jury was prejudicial by indicating that a bastard child should not be allowed to become a burden on the taxpayers of this Commonwealth. A reading of the entire charge fails to disclose such an implication being made by the judge.

The motion in arrest of judgment argues error in the denial of defendant's demurrer to the evidence. The argument is that the testimony negates the presence of any wilfulness in defendant's act, so that no crime under section 4732 (now Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. section 4323) has been made out. Specifically, it is argued that that element was shown to be absent by the testimony of the prosecutrix that after informing Stiner of the birth of the child, no further demand for support was made of defendant. (Transcript, p. 14)

The court is of the opinion that a demand upon defendant is not required before prosecution may be conducted under this statute. The statute imposes on one who is the putative father of a child the positive obligation of supporting that child: Com. v. Pewatts, 200 Pa. Superior Ct. 22, 186 A. 2d 408 (1962). The prosecution is for failure to perform that obligation: Com. v. Musselman, 60 D. & C. 2d 248, 14 Adams 6 (1972). Thus, after Stiner was informed that he was the putative father of Kevin Price, he was under a legal obligation to provide support for the boy. His failure to provide reasonable support is the basis for the prosecution, and the evidence adduced provides the basis for the conviction.

For the reasons above stated, the court entered the following

## ORDER

And now, May 4, 1977, after consideration, the motions ex parte defendant, Paul M. Stiner, for new trial and/or in arrest of judgment are overruled and

refused. Defendant will appear for sentence when notified by the district attorney.